[Crim. No. 11777. Third Dist. July 22, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
LETTIE MAE JARVIS, Defendant and Appellant.

**COUNSEL**

Richard S. Dirkx, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold Overoye, Assistant Attorney Gen-

eral, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—Defendant appeals from the judgment of conviction entered upon plea of guilty to issuing checks without sufficient funds with intent to defraud. (Pen. Code, § 476.) Defendant contends the court erred in denying her motion, pursuant to Code of Civil Procedure section 170.6, to disqualify the sentencing judge. Defendant also contends the court erred in sentencing her to the state prison. We shall affirm.

The procedural history of the case demonstrates that defendant's disqualification motion was untimely. On April 15, 1981, then Municipal Court Judge Tochterman, sitting as a magistrate, accepted defendant's plea to a felony charge of issuing checks without sufficient funds with intent to defraud on condition that defendant not be sentenced to the state prison. The magistrate dismissed three counts alleging the commission of the same offense and certified the case to the superior court.

On June 1, 1981, Superior Court Judge Diaz rejected the plea bargain and remanded the matter back to the municipal court.

On August 17, 1981, Municipal Court Judge Fields, sitting as a magistrate, accepted defendant's plea of guilty to the same felony count as before, but without the condition that she not be committed to the state prison. The matter was again certified to superior court.

On September 14, 1981, defendant appeared before former Municipal Court Judge Tochterman, now newly appointed to the superior court, for judgment and sentencing. The court received and filed two physicians' letters submitted by defendant and continued the matter. On September 17, 1981, defendant again appeared before Judge Tochterman. The court received and filed the probation report and, upon defendant's request, remanded the case to the municipal court to allow defendant to move to withdraw her plea. On September 18, 1981, the municipal court denied defendant's motion to withdraw her plea and returned the case to the superior court.

On September 21, 1981, defendant appeared again before Judge Tochterman. The court continued the matter at defendant's request and referred the case to the probation department for a supplemental report, refusing to reinstate defendant's bail on the ground that a state prison commitment was very likely. On October 5, 1981, defendant appeared before Judge Tochterman for judgment and sentencing. The court continued the matter until October 20 for a Penal Code section 1204 hearing.

On October 9, 1981, defendant filed a motion to disqualify Judge Tochterman on the basis of section 170.6 of the Code of Civil Procedure. Judge Tochterman denied that motion on October 20 and sentenced defendant to the state prison for the lower term of 16 months.

■ Denial of the motion to disqualify was not error. These proceedings before Judge Tochterman commenced September 14, 1981, when defendant first appeared before the superior court after the magistrate had again accepted her plea of guilty to one count of felony. Defendant did not move to disqualify Judge Tochterman until October 9, 1981, 25 days after the hearing commenced. Under the circumstances shown here, Code of Civil Procedure section 170.6 requires a disqualification motion to be made "not later than the commencement of the hearing." Thus even were we to assume the hearing did not commence until defendant's September 21st superior court appearance following the magistrate's denial of her motion to withdraw her guilty plea, the attempted disqualification would have been untimely.

Defendant argues that the Penal Code section 1204 hearing, which on defendant's motion was set on October 5 to be heard October 20, was a separate hearing, and disqualification of Judge Tochterman to preside thereover on October 9 was timely. We disagree. The superior court proceedings which followed defendant's certification after the acceptance of her guilty plea by the magistrate were either directly concerned with or ancillary to the disposition of defendant's criminal case after conviction by guilty plea; they constituted one hearing within the meaning of Code of Civil Procedure section 170.6.

Defendant also contends the court erred in imposing a state prison term instead of granting probation. First, defendant contends that the court misdescribed two entries from the "rap sheet" set forth in her probation report as theft *convictions* when, in fact, the probation report indicates the dispositions of the matters were unknown. ■ While it

appears the entries were inaccurately characterized by the court, the absence of objection or request for correction constitutes a waiver of the issue on appeal. (*People* v. *Lutz* (1980) 109 Cal.App.3d 489, 496 [167 Cal.Rptr. 309]; *People* v. *Maese* (1980) 105 Cal.App.3d 710, 725 [164 Cal.Rptr. 485].) Waiver aside, the court's remarks concerning prior convictions played an insignificant part in the total sentencing procedure. Absent the mischaracterization, it is not probable that a different result would have occurred. (*People* v. *Lutz, supra*, 109 Cal.App.3d at pp. 497-498; *People* v. *Martinez* (1980) 106 Cal.App.3d 524, 537 [165 Cal.Rptr. 160].)

■ Defendant also argues that the court relied on facts underlying counts dismissed pursuant to a plea bargain in its decision to impose a state prison term. "Implicit in such a plea bargain ... is the understanding (in the absence of a contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (*People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396].) The record shows an express contrary agreement at the time defendant entered her plea.

The judgment is affirmed.

Blease, J., and Sparks, J., concurred.