791 P.2d 647

The STATE of Arizona, Appellee,

v.

David Eugene NICKERSON, Appellant.

No. 2 CA–CR 89–0472.

Court of Appeals of Arizona, Division 2, Department A.

April 19, 1990.

---

1. Because we find that appellant was no longer a party to this action, he has no standing to contest the forfeiture.

122

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Dennis Staffelbach, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant pled guilty to one count of theft of property having a value of more than $100 but less than $250, a class 6 open-ended offense, and was placed on three years' probation. After petitioner admitted to violating two of the conditions of his probation, he was continued on probation with additional conditions, including that he not have any personal contact with his wife, his codefendant, without the prior written consent of his probation officer. Appellant timely appealed from the disposition order. For the reasons stated below, we affirm.

Appellant contends that the trial court committed reversible error by imposing the additional condition that he not have contact with his wife without the written permission of his probation officer, arguing that the condition results in a violation of his fundamental right to privacy in his marital relations and is not reasonably related to his rehabilitation. He contends that strict scrutiny is required when determining whether the conditions of probation are constitutionally permissible where the condition impinges on a fundamental right and that the condition here does not withstand such scrutiny, particularly because there are less restrictive alternatives.

■ The state contends that appellant waived any objection to the condition by failing to raise it below, citing *State v. Mears*, 134 Ariz. 95, 654 P.2d 29 (App. 1982). By waiting to object on appeal, the state argues, appellant deprived the trial court of the opportunity to consider and impose alternative sentencing conditions or correct any errors. *Id.* We agree. Indeed, the record reflects that not only did appellant fail to object below when the condition was imposed, his counsel advised the court that appellant's voluntary six-month separation from his wife, with whom he had a volatile relationship which counsel conceded had contributed to the violation of the conditions of his probation, would assist in his rehabilitation. The record reveals that appellant and his wife were a bad influence on one another. With regard to the instant offense, appellant's wife obtained the credit cards when she stole a wallet from the body of a suicide victim. The credit cards were then used by appellant, his wife and a third person. In December 1985, appellant and his wife were arrested for disorderly conduct. In September 1987, appellant was arrested for assaulting his wife. In July 1989, appellant and his wife were arrested for unlawful possession of narcotic paraphernalia.

Nor do we find that, as appellant contends, the imposition of the condition constituted fundamental error which may not be waived. In *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977), our supreme court held that the fact that a probation condition amounts to a restriction on the defendant's privacy does not necessarily render the condition unconstitutional. The condition upheld in *Montgomery* was

that the defendant would submit to the search and seizure of his person or his property at any time by a police officer or a probation officer without a search warrant. Noting that the probationer's expectations of privacy are less than those of other citizens, the court found that the condition did not constitute "an unreasonable or an unconstitutional limitation upon his right to be free from unreasonable searches and seizures." 115 Ariz. at 584, 566 P.2d at 1330. "[U]nless the terms of probation are such that they violate fundamental rights or bear no reasonable relationship whatever to the purpose of probation over incarceration, the appellate courts will not interfere with the trial court's exercise of discretion in the formulation of the terms and conditions of probation." *State v. Turner*, 142 Ariz. 138, 144, 688 P.2d 1030, 1036 (App.1984). Thus, where a condition impinges on but does not violate the defendant's fundamental rights, the condition may still be constitutional. *Turner, supra; see also State v. Davis*, 119 Ariz. 140, 579 P.2d 1110 (App.1978) (condition which prohibited defendant from obtaining custody of her children held constitutional); *State v. Donovan*, 116 Ariz. 209, 568 P.2d 1107 (App.1977) (conditions which required that defendant live with his parents, continue his education and seek employment, imposed a 10:00 p.m. curfew for eight months and prohibited him from associating with girlfriend not unconstitutional).

The condition in this case is not an unconstitutional violation of appellant's right to privacy. Appellant and his wife are both required to attend counseling and they will, therefore, be permitted to interact with one another, albeit it in a controlled environment. By requiring that they seek the probation officer's consent before having personal contact, defined by the trial court as "being in the physical presence of your spouse," the contact will also be controlled, a goal which the record reveals is reasonable under the circumstances.

Finally, the record amply supports the trial court's apparent conclusion that separating appellant and his wife for a period of time and limiting their contact to counseling sessions, telephone conversations, and visits within the discretion of the probation officer, serves a rehabilitative purpose. As discussed above, appellant's trial counsel conceded at the disposition hearing that separation of the two was beneficial to appellant's rehabilitation. We find no fundamental error in the imposition of this condition.

Affirmed.

ROLL, P.J., and HOWARD, J., concur.