[No. S025387. May 27, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
KATHRYN MARIE WELCH, Defendant and Appellant.

## COUNSEL

Bruce Hudson Towne for Defendant and Appellant.

Fern M. Laethem, Public Defender, Ellen J. Eggers, Deputy Public Defender, and Madeline McDowell as Amici Curiae on behalf of Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Arnold O. Overoye and Robert R. Anderson, Assistant Attorneys General, Edmund D. McMurray and Jesse N. Witt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—We limited review in this case to the question whether a criminal defendant's failure to challenge the "reasonableness" of a probation condition (Pen. Code, § 1203.1; *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545] (*Lent*)) proposed at the probation and sentencing hearing constitutes a waiver of the claim on appeal.[1] We conclude that it does.

Such conditions are routinely imposed when the sentencing court determines, in an exercise of its discretion, that a defendant who is statutorily eligible for probation is also suitable to receive it. Under the pertinent statutory scheme, the court must first consider the probation officer's report and sentencing recommendation and hear any relevant argument and evidence proffered by the parties. It is fair and economical to impose a general requirement of objection at this stage to any proposed condition the defendant does not consider reasonably related to his or her safe release and rehabilitation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Here, the Court of Appeal correctly reached the same conclusions, but appears to have been the first to do so. It declined to follow an established line of appellate cases that had assumed, in the absence of a clear statement to the contrary by this court, that trial court objections under *Lent* were unnecessary. Under the circumstances, the Court of Appeal should not have penalized defendant for her failure to object. We will therefore reverse the judgment and remand the matter to the Court of Appeal with directions to consider the merits of defendant's claims.

## FACTS

In late 1989, defendant Kathryn Marie Welch was charged with one felony count of obtaining public assistance by misrepresentation, i.e., welfare fraud. (Welf. & Inst. Code, § 10980, subd. (c)(2).) The charge was based on defendant's alleged failure to inform county welfare authorities several months earlier of a $7,400 state disability insurance payment, and her knowing receipt of $4,100 in welfare overpayments.

Following appointment of counsel and an informed and voluntary waiver of various constitutional and statutory rights, defendant pled "no contest" and was convicted of the charge. Statements by the court and counsel at the plea hearing suggested that defendant's crime carried a maximum sentence of three years in prison plus substantial fines, but that probation was also available.[2]

Before sentencing, the case was referred to the county probation department for investigation and a recommendation. The report and attached psychiatric evaluations reveal the following basic facts: Defendant was 37 years old, divorced, and the mother of 2 teenage boys. She expressed remorse for the crime to investigators, and admitted using the money to pay overdue bills and buy a new car. Although trained as a signmaker, defendant had persistent problems holding a job and maintaining a stable income and home life. Defendant attributed loss of her most recent job to industrial back strain and mental distress, but medical reports suggested she exaggerated the extent of her disability. One psychiatrist described her as a dependent, passive person who abused alcohol on an episodic but chronic basis. She had been arrested and convicted of at least one prior alcohol-related misdemeanor.

The probation officer recommended that imposition of sentence be suspended and that defendant be placed on five years' probation on numerous

---

[2]Absent a preliminary hearing or trial, the record is limited to plea proceedings in the municipal court and sentencing proceedings in the superior court, including the probation officer's written report and supplement.

terms and conditions, including ninety days in jail and restitution. Pertinent here are other recommended conditions requiring defendant to (1) seek and maintain vocational training and employment as directed by the probation officer, and change employment only with his approval, (2) maintain and change residences only as approved by the probation officer, (3) avoid associating with any person on probation or parole and (except as approved by the probation officer) with any person who has been convicted of a narcotics violation, (4) avoid writing or possessing any checks (other than her own payroll checks) or holding a bank account upon which checks can be drawn, (5) avoid using or possessing alcoholic beverages or entering any business devoted primarily to their sale, participate in Alcoholics Anonymous as directed or approved by the probation officer, and submit to alcohol and narcotics testing, (6) avoid possession or ownership of a firearm or other deadly weapon, (7) submit to an official search of her person and property at any time, even without probable cause, for the purpose of determining compliance with probation, and (8) authorize release of any psychiatric or counseling reports to the probation department, district attorney, and the court.

At the start of the sentencing hearing in early 1990, the court said it had read and considered the probation report and was inclined to follow the recommended disposition from "A to Z." Defense counsel urged the court to place defendant in an alcohol treatment program in lieu of the recommended jail time. Counsel also disputed the accuracy of several factual details contained in the report (e.g., number of prior arrests, mother's name). No other objections to the report or recommendations were made.

The sentence ultimately imposed by the court conformed to the probation officer's recommendation in all respects, i.e., five years' probation under the terms and conditions set forth in the report.

On appeal from the judgment, defendant argued that conditions imposed in the eight categories listed above were "overbroad" and "unreasonable" under *Lent, supra*, 15 Cal.3d 481. Defendant conceded that similar conditions have been upheld in other cases, but insisted they could not be imposed on her because they had no bearing on factors contributing to the particular crime, the manner in which she committed it, or the likelihood she might commit a similar crime in the future.

The Court of Appeal affirmed the judgment on the ground that defendant waived such claims by not raising them at the sentencing hearing.

### DISCUSSION

Defendant observes that courts and parties have long assumed that failure to object at the time of sentencing does not prevent a defendant from

challenging the reasonableness of a probation condition on appeal. (*People v. Patillo* (1992) 4 Cal.App.4th 1576, 1579 [6 Cal.Rptr.2d 456]; *In re Jason J.* (1991) 233 Cal.App.3d 710, 714; *People v. Hernandez* (1991) 226 Cal.App.3d 1374, 1377 [277 Cal.Rptr. 444]; *People v. Kiddoo* (1990) 225 Cal.App.3d 922, 925-927 [275 Cal.Rptr. 298]; *People v. Keller* (1978) 76 Cal.App.3d 827, 832-833, fn. 2 [143 Cal.Rptr. 184]; *People v. McDowell* (1976) 59 Cal.App.3d 807, 814 [130 Cal.Rptr. 839]; *In re Mannino* (1971) 14 Cal.App.3d 953, 958-959 & fn. 3 [92 Cal.Rptr. 880, 45 A.L.R.3d 996].) For reasons we will explain, the Court of Appeal in this case correctly adopted a contrary rule.[3]

Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation. (§§ 1191.1, 1202.7.) A defendant's eligibility for probation is determined, by deductive reasoning, from statutes identifying the types of offenses or offenders who are ineligible to receive it. It is absolutely unavailable as a sentencing choice in many serious felony cases and presumptively unavailable in others unless "unusual" circumstances are present and the "interests of justice" are best served thereby. (See, e.g., §§ 1203, subd. (e), 1203.044-1203.046, 1203.048, 1203.06-1203.075, 1203.08-1203.09; Cal. Rules of Court, rule 413; cf. § 1203a [misdemeanors].)

The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and what conditions should be imposed. (§ 1203, subd. (b); Cal. Rules of Court, rule 414; *People v. Warner* (1978) 20 Cal.3d 678, 682-683 [143 Cal.Rptr. 885, 574 P.2d 1237].) Some probation conditions—particularly those involving confinement in county jail or payment of restitution and other fines and costs—are statutorily mandated or recommended in certain cases. (See, e.g., §§ 1203.04, 1203.047, 1203.055, 1203.076, 1203.095, 1203.1, 1203.1ab-1203.1j.) Most conditions, however, stem from the sentencing court's general authority to impose any "reasonable" condition that it "may determine" is "fitting and proper to the end that justice may be done . . . ." (§ 1203.1.)

We have said that probation conditions which regulate conduct "not itself criminal" must be "reasonably related to the crime of which the

---

[3]No issue is raised or presented as to whether defendant was adequately informed of the consequences of her plea or whether there were any negotiated terms from which her sentence deviated. (Compare *People v. Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] [appeal of mandatory restitution fine imposed after plea bargain].)

We note that amicus curiae briefs have been filed in support of defendant's petition for review by the California Public Defenders Association and the State Public Defender. For the most part, amicus arguments expand upon themes raised by defendant and will not be separately identified.

defendant was convicted or to future criminality." (*Lent, supra,* 15 Cal.3d 481, 486.) As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or " 'exceeds the bounds of reason, all of the circumstances being considered.' " (*People* v. *Warner, supra,* 20 Cal.3d 678, 683, quoting *People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].) Probation conditions similar to those challenged here have been upheld or approved for use in appropriate cases. (See Erwin et al., 5 Cal. Criminal Defense Practice (1992) Probation, § 90.04[2], pp. 90-30–90-34.12; 3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment for Crimes, § 1679, pp. 1991-1993.)

■ The statutory scheme obviously contemplates that all issues relevant to the probation determination will be litigated in the sentencing court. Where, as here, the defendant has been convicted of a felony and is eligible for probation, the court is required to refer the matter to the probation department for a presentence investigation and report. (§ 1203, subd. (b); Cal. Rules of Court, rule 411; cf. §§ 1203, subd. (d) & 1203b [probation report discretionary in misdemeanor cases but probationer is entitled to notice and opportunity to present information on conditions].) The written report must include, among other things, the probation officer's "recommendations as to the granting or denying of probation and the conditions of probation, if granted." (§ 1203, subd. (b); see Cal. Rules of Court, rule 411.5.)

Absent a contrary stipulation, the report must be made available to the court and parties within a specified time before sentencing. (§ 1203, subd. (b).) A hearing on "the suitability of probation in the particular case" is required, and the court must take the probation officer's report and recommendation into consideration. (*Ibid.*) Additional evidence may be introduced. (§ 1204; see, e.g., *Lent, supra,* 15 Cal.3d 481, 487.) Courts are not bound to accept recommendations in the probation report, but they commonly do. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 801 [135 Cal.Rptr. 411, 557 P.2d 995]; Kinnard, Cal. Criminal Law Procedure and Practice (Cont.Ed.Bar 1986) Probation, § 44.1, p. 972.) The defendant and the People may seek review of an order or judgment granting probation. (§§ 1237, subd. (a), 1238, subds. (a)(5) & (d); *People* v. *Warner, supra,* 20 Cal.3d 678, 682, fn. 1.)

■ It is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 725 [135 Cal.Rptr. 392, 557 P.2d 976]; *People* v. *Jarvis* (1982) 135 Cal.App.3d 154, 157-158 [185 Cal.Rptr. 16]; *People* v. *Medina* (1978)

78 Cal.App.3d 1000, 1007 [144 Cal.Rptr. 581].) No different rule should generally apply to probation conditions under consideration at the same time.[4] A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis. (See *People* v. *Walker, supra*, 54 Cal.3d 1013, 1023; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 311, p. 321.)

Defendant insists, however, that the type of error alleged here can be raised at any time. Defendant observes that reviewing courts have routinely corrected "unauthorized sentences" or sentences entered in "excess of jurisdiction" regardless of whether an objection or argument was raised in the trial and/or reviewing court. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13]; *In re Sandel* (1966) 64 Cal.2d 412, 418 [50 Cal.Rptr. 462, 412 P.2d 806].) Defendant theorizes that since unreasonable probation conditions are impermissible, her claims should have been addressed on appeal even though no objection had been raised below.

Whatever precise meaning the "unauthorized sentence" and "excess of jurisdiction" concepts may have in determining whether claims are waivable on appeal or cognizable on habeas corpus, the authorities cited by defendant do not support her position. These cases generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court. (*In re Ricky H., supra*, 30 Cal.3d 176, 190-193 [failure to characterize offense and apply permissible term of confinement]; *In re Sandel, supra*, 64 Cal.2d 412, 418 [violation of statute mandating consecutive terms for escape]; *People* v. *Irvin* (1991) 230 Cal.App.3d 180, 192-193 [281 Cal.Rptr. 195] [failure to strike or impose enhancement]; *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 468 [280 Cal.Rptr. 175] [erroneous imposition of determinate terms]; *People* v. *Baylor* (1989) 207 Cal.App.3d 232, 235-236 [255 Cal.Rptr. 172] [erroneous stay of sentence]; *People* v. *Levell* (1988) 201 Cal.App.3d 749, 751 [247 Cal.Rptr. 489] [applicability of enhancement]; *People* v. *White* (1981) 117 Cal.App.3d 270, 278-279 [172 Cal.Rptr. 612] [alleged dual use of aggravating fact and nonuse of mitigating fact]; *People* v. *Salazar* (1980) 108 Cal.App.3d 992,

---

[4]Other state courts have reached a similar conclusion. (*State* v. *Bynes* (1991) 304 S.C. 62 [403 S.E.2d 126, 127] [South Carolina]; *Larson* v. *State* (Fla. 1991) 572 So.2d 1368, 1371 [Florida]; *State* v. *Nickerson* (1990) 164 Ariz. 121 [791 P.2d 647, 648] [Arizona]; *State* v. *Vasby* (1990) 101 Ore.App. 1 [788 P.2d 1024, 1025, fn. 1] [Oregon]; *State* v. *Dziuba* (1989) 148 Wis.2d 108 [435 N.W.2d 258, 261-262] [Wisconsin]; see also 24 C.J.S., Criminal Law, § 1556, p. 148.)

1000-1001 & fn. 4 [167 Cal.Rptr. 38] [failure to state reasons for prison term].) Implicit in each of these decisions is the reviewing court's unwillingness to ignore clear and correctable legal error, particularly where the defendant might otherwise spend too much or too little time in custody. (See § 1259.)

Defendant's claim of "unreasonable" probation conditions presents far different considerations. Despite some attempt to cast her contentions in various per se, "jurisdictional," and "fundamental" terms, she essentially argues only that the court exercised its otherwise lawful authority in an erroneous manner under the particular facts. As previously explained, probation conditions are rarely invalidated on this basis, and the appellate court is not best suited to determining how such an outcome might affect the defendant's suitability for probation. Traditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court.

Defendant cites *In re Bushman* (1970) 1 Cal.3d 767 [83 Cal.Rptr. 375, 463 P.2d 727] (*Bushman*) for the proposition that probationers need not object to proposed conditions at the time of sentencing in order to later challenge their validity on appeal or habeas corpus. While the cases have indeed interpreted *Bushman* this way, they are mistaken. (See *People* v. *Kiddoo, supra,* 225 Cal.App.3d 922, 926; *People* v. *Hernandez, supra,* 226 Cal.App.3d 1374, 1377; *People* v. *McDowell, supra,* 59 Cal.App.3d 807, 814.)

The petitioner in *Bushman, supra,* 1 Cal.3d 767, was an attorney and licensed pilot whose protest before the local airport board led to a misdemeanor conviction for disturbing the peace. Petitioner argued on habeas corpus before this court that the trial court erred in ordering him to undergo psychiatric treatment as a condition of probation. Although the conviction was ultimately set aside on other grounds, we agreed there was no evidence suggesting defendant was mentally unstable or needed psychiatric care. Thus, the counseling condition was deemed invalid because it was not reasonably related to "the crime of which petitioner was convicted" or to his "future criminality." (*Id.,* at p. 777.)

The foregoing discussion in *Bushman* was preceded by boilerplate language saying that whether a defendant chooses to "refuse" or "accept" probation on terms proposed by the sentencing court, he may seek relief in the reviewing court. (1 Cal.3d at p. 776.) Although this language has evidently been interpreted as exempting probationers from an objection requirement, it was referring to another obvious notion—that the law does not force a defendant either to accept probation under conditions he deems

intolerable, or to reject probation and accept incarceration in order to seek review of an allegedly invalid condition. Nothing in *Bushman* suggested that the petitioner in that case failed to timely object to the psychiatric counseling condition.

Defendant hypothesizes that an objection requirement in this context will impose intolerable practical risks on defendants seeking probation. She assumes that if a would-be probationer disputes an unreasonable condition at the sentencing hearing, the court may respond by imposing a harsher sentence, e.g., by refusing to grant probation altogether. Defendant makes a related claim that the administration of justice is harmed by a rule foreclosing appellate review of any invalid condition imposed under such circumstances.

We will not presume that sentencing courts respond to arguments and objections in an arbitrary and vindictive manner. On the other hand, we can conceive of cases in which the court, having legitimate concerns about the defendant's suitability, considers it necessary to condition the grant of probation on one or more terms the defendant finds unreasonable. Contrary to defendant's suggestion, we cannot reduce the risks of challenging such conditions in the sentencing court without unduly foreclosing the permissible exercise of discretion.

We therefore hold that failure to timely challenge a probation condition on *"Bushman/Lent"* grounds in the trial court waives the claim on appeal. To the extent the following Court of Appeal decisions state or imply a contrary rule, they are disapproved. (*People* v. *Patillo, supra,* 4 Cal.App.4th 1576, 1579; *In re Jason J., supra,* 233 Cal.App.3d 710, 714; *People* v. *Hernandez, supra,* 226 Cal.App.3d 1374, 1377; *People* v. *Kiddoo, supra,* 225 Cal.App.3d 922, 925-927; *People* v. *Keller, supra,* 76 Cal.App.3d 827, 832-833, fn. 2; *People* v. *McDowell, supra,* 59 Cal.App.3d 807, 814; *In re Mannino, supra,* 14 Cal.App.3d 953, 958-959 & fn. 3.)

Defendant's final argument is that the Court of Appeal erred in barring consideration of her claims under an objection and waiver rule not in existence at the time of her sentencing hearing. Although defendant cites inapposite authority precluding retroactive expansion of criminal liability or punishment under the federal due process clause (see *Bouie* v. *City of Columbia* (1964) 378 U.S. 347 [12 L.Ed.2d 894, 84 S.Ct. 1697]), we agree that the rule announced herein should not be applied to her.

Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence. (*People* v. *Turner* (1990) 50

Cal.3d 668, 703 [268 Cal.Rptr. 706, 789 P.2d 887]; *People* v. *Ogunmola* (1985) 39 Cal.3d 120, 123, fn. 4 [215 Cal.Rptr. 855, 701 P.2d 1173]; *In re Gladys R.* (1970) 1 Cal.3d 855, 861 [83 Cal.Rptr. 671, 464 P.2d 127].) By the same token, defendant should not be penalized for failing to object where existing law overwhelmingly said no such objection was required.[5] It would be unfair to effectively bar any review of defendant's claims where the rule requiring their preservation in the trial court was adopted in the context of her own appeal. Therefore, the objection and waiver rule announced herein shall not apply to defendant or any other litigant whose probation conditions were considered at a sentencing hearing held before the instant decision becomes final. (See, e.g., *People* v. *Collins* (1986) 42 Cal.3d 378, 388 [228 Cal.Rptr. 899, 722 P.2d 173]; *People* v. *Chi Ko Wong, supra*, 18 Cal.3d 698, 716.)

### Disposition

The judgment of the Court of Appeal is reversed and the matter is remanded to that court with directions to consider the merits of defendant's appeal.

Lucas, C. J., Mosk, J., Panelli, J., and George, J., concurred.

**ARABIAN, J.**—I concur in the rule of practicality formulated by the majority. I write separately to emphasize certain fundamental principles of due process implicit in its premise.

### 1. *Procedural due process.*

This case arises in the context of a felony conviction. As the majority explain, the statutory scheme governing imposition of felony probation is extensive and quite thorough, *requiring* a probation report as well as express notice of its recommendations and a hearing thereon. (Pen. Code, § 1203, subd. (b).) The contents of the probation report are also statutorily prescribed and specified in detail. (*Ibid.*)

In significant contrast, the law does not mandate a comparably rigorous procedure for the imposition of misdemeanor probation. The applicable statute, Penal Code section 1203, subdivision (d), provides as follows: "In every case in which a person is convicted of a misdemeanor, the court may

---

[5]In addition to the Court of Appeal cases disapproved above, the recent version of at least one practice guide states that "a defendant has an unwaivable right to challenge [the reasonableness of a probation condition] on appeal, regardless of whether he or she accepted it at the time of sentencing." (5 Cal. Criminal Defense Practice, *supra*, § 90.04[2][a], p. 90-30.)

either refer the matter to the probation officer for an investigation and a report or summarily pronounce a conditional sentence. If such a case is not referred to the probation officer, in sentencing the person, the court may consider any information concerning the person which could have been included in a probation report. The court shall inform the person of the information to be considered and permit him or her to answer or controvert such information. For this purpose, upon the request of the person, the court shall grant a continuance before the judgment is pronounced." (See also § 1203b [trial court not required to refer misdemeanor case to probation officer prior to imposing conditional sentence].)

If fully implemented, the foregoing provisions would satisfy the due process mandate of notice and hearing in the misdemeanor context. However, the reality of busy municipal arraignment and master calendar courts, where defendants frequently plead guilty and receive summary probation without counsel, may not always conform to this ideal. (Cf. *People* v. *Avol* (1987) 192 Cal.App.3d Supp. 1 [238 Cal.Rptr. 45] [without notice to parties, trial court conducted ex parte inspection of slumlord's apartment building prior to modifying probation].) While the statutory scheme in felony cases incorporates numerous safeguards preserving the defendant's ability to contest an objectionable probationary condition in a timely manner, the less exacting provisions applicable to misdemeanors may as a practical matter reduce or eliminate any meaningful notice or opportunity to object. Since a finding of waiver presumes constitutionally sound procedures, the rule announced today should not preclude a challenge on appeal or collateral attack in the absence of such notice and opportunity. (Cf. *People* v. *Walker* (1991) 54 Cal.3d 1013, 1025 [1 Cal.Rptr.2d 902, 819 P.2d 861] [waiver of right to withdraw guilty plea in conjunction with plea bargain necessitates compliance with procedures set forth in Pen. Code, § 1192.5]; *In re Tahl* (1969) 1 Cal.3d 122, 130-132 [81 Cal.Rptr. 577, 460 P.2d 449] [waiver of rights with respect to guilty plea requires express advisement thereof]; see also *People* v. *Surplice* (1962) 203 Cal.App.2d 784, 792 [21 Cal.Rptr. 826] [no waiver of objection where trial court relied on ex parte statements in denying probation].)

2. *Vindictiveness.*

If the trial court determines in the proper exercise of its discretion that it cannot achieve the rehabilitative goals of probation without imposing an objectionable condition, then it will be fully justified in denying probation on that basis if the defendant declines to accept it. On rare occasion, however, the trial court may respond to a defendant's valid objection by improperly refusing to grant probation on the remaining, adequate terms and

conditions. With all due respect for the integrity of bench officers, the reality is that on occasion a defendant's invocation of constitutional rights may impair judicial objectivity. (Cf. *People* v. *Morales* (1967) 252 Cal.App.2d 537, 546 [60 Cal.Rptr. 671] [trial court abused discretion in imposing more severe sentence because defendant availed himself of right to trial]; *People* v. *Miller* (1931) 112 Cal.App. 535, 539 [297 P. 40] [abuse of discretion in denying probation because defendant invoked right to jury trial].)

Without necessarily anticipating impropriety, I think it salutary nevertheless to sound a cautionary note that any appearance of vindictiveness in this context is subject to scrutiny; and reviewing courts should not be reluctant to fashion appropriate remedies when warranted. (Cf. *People* v. *Thornton* (1971) 14 Cal.App.3d 324, 326-327 [92 Cal.Rptr. 327] [absent new facts, abuse of discretion to impose prison term on retrial if defendant originally granted probation; *North Carolina* v. *Pearce* (1969) 395 U.S. 711, 726 [23 L.Ed.2d 656, 670, 89 S.Ct. 2072] [more severe sentence on retrial following successful appeal "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding"].)

3. *Scope of waiver rule.*

As the majority imply, in most instances the waiver rule will apply because the challenged probationary condition is simply unreasonable, not unlawful. (Maj. opn., *ante*, pp. 235-236.) Nevertheless, when legal error is demonstrable, countervailing considerations may perforce circumscribe the scope of the rule, and the absence of an objection may not always insulate the condition from appellate review or collateral attack.

For example, in *People* v. *Dominguez* (1967) 256 Cal.App.2d 623 [64 Cal.Rptr. 290], the trial court granted the defendant probation on the condition she not become pregnant unless she were married. (*Id.*, at p. 625.) The Court of Appeal reversed an order revoking probation for violation of this condition, finding it bore no relation to the defendant's past crime or her future criminality. (*Id.*, at p. 627.) It also clearly infringed her constitutional privacy interests to an unacceptable degree. (Cf. *Roe* v. *Wade* (1973) 410 U.S. 113 [35 L.Ed.2d 147, 93 S.Ct. 705]; *Griswold* v. *Connecticut* (1965) 381 U.S. 479 [14 L.Ed.2d 510, 85 S.Ct. 1678]; *Skinner* v. *Oklahoma* (1942) 316 U.S. 535 [86 L.Ed. 1655, 62 S.Ct. 1110].) In *People* v. *Blakeman* (1959) 170 Cal.App.2d 596 [339 P.2d 202], the trial court required the defendant to "absent himself from the county" as a condition of probation. (*Id.*, at p. 597.) In overturning an order of revocation, the Court of Appeal recognized that "banishment is proscribed by the fundamental policy of not permitting one political subdivision to dump undesirable persons upon another." (*Ibid.*)

As these cases illustrate, legal error in the imposition of probationary conditions *can* arise, implicating fundamental principles of policy and constitutional guaranties. In those limited circumstances, the prerequisite of an objection to appellate review would frustrate rather than subserve the interests of justice; and I do not understand the majority rule to impose such a formalistic impediment.

Kennard, J., concurred.