57 Cal.Rptr.3d 877 (2007)
149 Cal.App.4th 1448
The PEOPLE, Plaintiff and Respondent,
v.
Robert Earl WAYMIRE, Defendant and Appellant.
No. C051736.
Court of Appeal of California, Third District.
April 20, 2007.
*879 Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., and Bill Lockyer, Attorneys General, Dane R. Gillette and Robert R. Anderson, Chief Assistant Attorneys General, Michael P. Farrell and Mary Jo Graves, Senior Assistant Attorneys General, Stephen G. Herndon and Wanda Hill Rouzan, Supervising Deputy Attorneys General, Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.
*878 ROBIE, J.
This case raises a number of sentencing issues which have arisen since the United States Supreme Court's decision in Blakely v. Washington (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
Defendant Robert Earl Waymire pled guilty to manufacturing methamphetamine, and the trial court granted him probation. Defendant later admitted he violated probation by failing to contact his probation officer, failing to participate in a substance abuse counseling program, and possessing methamphetamine. Finding that the aggravating circumstances (numerous prior convictions of increasing seriousness, being on probation when the offense was committed, and prior unsatisfactory performance on probation) out-weighed *880 the sole mitigating circumstance (addiction to a narcotic at the time of the offense), the trial court sentenced defendant to the upper term of seven years on the manufacturing charge. We affirm.

DISCUSSION
Relying on Blakely, defendant claims the trial court's imposition of the upper term violated his federal constitutional right to a jury trial because the trial court "impos[ed] an upper term based on its own finding that [defendants crimes were increasing in seriousness and that [his] prior performance on probation was unsatisfactory," rather than based on findings by a jury beyond a reasonable doubt. As will be seen, we find no prejudicial error.
In People v. Black (2005) 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534, the California Supreme Court rejected a claim of Blakely error similar to defendant's, concluding "that the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence ... under California law does not implicate a defendant's Sixth Amendment right to a jury trial." (Black, at p. 1244, 29 Cal. Rptr.3d 740, 113 P.3d 534.) In Cunningham v. California (2007) 549 U.S. ___, 127 S.Ct. 856, 166 L.Ed.2d 856, however, the United States Supreme Court held that under Blakely and other decisions, California's determinate sentencing law does "violate[ ] a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments" to the extent the law allows a judge to impose an upper term sentence "based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (Cunningham v. California, supra, 549 U.S. at p. ___, 127 S.Ct. at p. 860,166 L.Ed.2d at p. 864.)

I

Forfeiture Or Waiver
Initially, the People contend defendant either forfeited his claim of Blakely error because he did not object to his sentence on that basis in the trial court or waived his claim of Blakely error when he waived his rights to a jury trial on the underlying offense and to a formal hearing on the revocation of his probation. We find no merit in either contention.
In some circumstances, "a party may forfeit a right to present a claim of error to the appellate court if he did not do enough to `prevent[ ]' or `correct[]' the claimed error in the trial court." (People v. Williams (1998) 17 Cal.4th 148, 161, fn. 6, 69 Cal.Rptr.2d 917, 948 P.2d 429.). However, "Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence." (People v. Welch (1993) 5 Cal.4th 228, 237, 19 Cal. Rptr.2d 520, 851 P.2d 802.)
Defendant was sentenced on January 17, 2006. At that time, our Supreme Court's decision in Black remained good law, and the trial court was bound by it.[1] (See Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.) Accordingly, a Blakely objection at the time of defendant's sentencing would have been futile.
Notwithstanding the foregoing, the People urge us to find a forfeiture. Quoting United States v. Booker (2005) 543 U.S. *881 220, 268, 125 S.Ct. 738, 769, 160 L.Ed.2d 621, 665, the People argue that in reviewing claims of Blakely error, appellate courts must apply "ordinary prudential doctrines, determining, for example, whether the issue was raised below." We agree, but what the People fail to recognize is that the futility exception to the requirement of an objection in the trial court is one such "ordinary prudential doctrine." Thus, defendant did not forfeit his claim of Blakely error because making a Blakely objection in the trial court at the time of his sentencing would have been futile in light of Black.
We are likewise unpersuaded by the People's claim of waiver. Essentially, the People contend defendant knowingly and intentionally relinquished his right under Blakely to have a jury decide the aggravating circumstances on which the upper term was based either by waiving his right to a jury trial on the offense or by waiving a formal probation revocation hearing.
The waiver of a right to a jury trial must be knowing and intelligentthat is, it must be made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. (People v. Collins (2001) 26 Cal.4th 297, 305, 109 Cal.Rptr.2d 836, 27 P.3d 726.) Here, it does not appear from the record that when defendant waived his right to a jury trial on the offense, he was aware the right he was abandoning included the right to have a jury decide any aggravating circumstances used to impose an upper term sentence if he was convicted." At the change of plea hearing the trial court explained defendant's right to a jury trial as follows: "That's where 12 individuals would be selected from a cross-section of people in our community and they would hear all the evidence in your case. If they were not convinced beyond a reasonable doubt of your guilt, they would then return a not guilty verdict for you." At no point was defendant informed he had a right to have a jury decide any aggravating circumstances that might be used to sentence him. Accordingly, there is no basis for concluding defendant knowingly and intelligently waived that right.
As for the People's assertion that defendant waived his rights under Blakely by waiving his right to a formal probation revocation hearing, that argument is a non sequitur. Contrary to what the People seem to think, it does not matter that in waiving his right to a "formal" probation revocation hearingthat is, a hearing at which evidence would be presenteddefendant acknowledged he could receive up to seven years in prison at the time of sentencing. The question is whether defendant ever knowingly agreed he could be sentenced to the upper term of seven years without the jury findings required by Blakely. He did not do so. What the People characterize as defendant's waiver of "the right to any formal due process at a formal probation hearing" did not include a waiver of his rights under Blakely at the sentencing hearing to follow.

II

Sentencing At A Probation Revocation Hearing
The People next contend there was no Blakely error here "because [defendant] was sentenced at a probation [revocation] hearing." According to the People, "Blakely does not apply to probation hearings" because such hearings are "not considered a stage of the criminal process that is subject to stringent due process considerations" like the right to a jury trial. The People rely on Gagnon v. Scarpelli (1973) 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 *882 to support their argument, but that reliance is misplaced.
At issue in Gagnon was whether "a previously sentenced probationer" was entitled to a hearing and appointed counsel when his probation was revoked. (Gagnon v. Scarpelli supra, 411 U.S. at p. 779, 93 S.Ct. at p. 1758, 36 L.Ed.2d at p. 660, italics added.) Gagnon does not speak to what rights apply to a probationer who has not yet been sentenced. It appears to us self-evident that (as defendant contends) "once the court revoked [defendant's] probation and proceeded to impose sentence on the underlying charges, [defendant] was entitled to the same constitutional protections at sentencing [that] he would have received had the court imposed sentence at the time of the plea and suspended its execution."

III

Sufficiency Of A Prior Conviction Finding
The People next argue defendant's sentence was proper under Blakely "because it was based on a prior conviction" and "a single aggravating factor can justify the imposition of an upper term." According to the People, "[b]ecause the court correctly considered the prior conviction as an aggravating factor ..., it was not required to consider the other factors, and Blakely was not implicated."
The flaw in this argument is that even if the trial court could have imposed the upper term on defendant based solely on one or more of his prior convictions, that is not what the court did. Instead, the court imposed the upper term on defendant after finding three aggravating circumstances outweighed one mitigating circumstance. Thus, while the court may not have been required to consider any aggravating circumstance other than a single prior conviction, it plainly did so. The question for us to decide is whether what the court did was error, not whether the court could have (hypothetically) reached the same result without committing error.
As we have noted, Blakely and Cunningham allow a judge to impose an upper term sentence based on a prior conviction even in the absence of a jury finding or admission by the defendant. Defendant contends, however, that it is Blakely error for the court to rely on anything beyond the "fact" of the prior conviction. Specifically, he contends it was error here for the trial court to rely on the "fact" that his prior convictions were "numerous" and of "increasing seriousness." According to defendant, an assessment of the number and increasing seriousness of a defendant's prior convictions "involve[s] qualitative findings regarding the convictions which go beyond the mere fact of the prior conviction themselves]."
In support of this argument, defendant cites a plurality opinion in Shepard v. United States (2005) 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205. At issue in Shepard was a federal sentencing enhancement that applies to "anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies," where "burglary [is] a violent felony only if committed in a building or enclosed space (`generic burglary'), not in a boat or motor vehicle." (Id. at p. 15-16, 125 S.Ct. at p. 1256, 161 L.Ed.2d at p. 211.) The specific question in Shepard was "whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." (Ibid.) In answering that question "no," the plurality "limit[ed] the scope of judicial factfinding on the disputed generic character of a prior plea" in part "to avoid [a] serious risk[ ] of unconstitutionality" *883 because "[w]hile the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record" to clearly fall within the "prior conviction" exception to the judicial fact-finding prohibited by Blakely. (Shepard, at pp. 25, 26, 125 S.Ct. at pp. 1262-1263,161 L.Ed.2d at p. 217.)
The Shepard plurality does not support defendant's argument that a trial court may not consider the number or increasing seriousness of a defendant's prior convictions in the absence of a jury finding or admission by the defendant. What raised a risk of unconstitutionality in Shepard was a court making a finding of fact about the circumstances underlying a burglary conviction in connection with sentencing in a later casecircumstances not revealed by the prior judicial record alone. The determination that a defendant's prior convictions are "numerous" and of "increasing seriousness" does not require any such factual determination to be made about the circumstances underlying those convictions. Rather, that determination can (and should) be made based solely on the nature of those convictions as shown by the judicial record of conviction. Thus, where (as here) the defendant's criminal record shows he has progressed from committing misdemeanors to manufacturing methamphetamine, a felony, the trial court can find the defendant's convictions are numerous and of increasing seriousness without contravening Blakely.
In a supplemental brief, defendant contends that even if it was permissible under Cunningham for the court to find that he had numerous prior convictions of increasing seriousness, "the findings do not survive in this case because the trial court used the wrong standard of proof." According to defendant, while the California Rules of Court allow a trial court to find aggravating circumstances by a preponderance of the evidence (see Cal. Rules of Court, rule 4.420(b)), he "had a constitutional right under the Sixth and Fourteenth Amendments to have even [his prior convictions] proved beyond a reasonable doubt." He offers no authority in support of that argument, however, and therefore we deem the argument forfeited. (See, e.g., People v. King (1991) 1 Cal.App.4th 288, 297, fn. 12, 2 Cal.Rptr.2d 197.)
It follows, then, that the trial court did not err in relying on the fact that defendant's prior convictions were numerous and of increasing seriousness in sentencing him to the upper term.

IV

Probation Issues
The next question is whether the trial court erred in relying on the fact that defendant's prior performance on probation was unsatisfactory. Again, we find no error, but for a different reason.
Blakely error occurs only when the sentencing court relies on a fact not found by a jury or admitted by the defendant. (See Blakely v. Washington, supra, 542 U.S. at p. 303, 124 S.Ct. at p. 2537, 159 L.Ed.2d at p. 413.) Here, defendant effectively admitted his prior performance on probation was unsatisfactory when he admitted violating his probation by failing to contact his probation officer, failing to participate in a substance abuse counseling program, and possessing methamphetamine. Thus, the trial court was entitled to rely on this fact as an aggravating circumstance in imposing the upper term on defendant.
That leaves only the fact that defendant was on probation at the time of the offense. As we will explain, however, even if we assume it was Blakely error for the trial court to rely on that fact in imposing *884 the upper term, it makes no difference because we find any such error harmless.[2]
First, however, we pause briefly to address another contention defendant raises in his supplemental brief. Defendant contends that under Cunningham it is the jury, not the court, that must decide: (1) whether any mitigating factors exist; and (2) whether the aggravating circumstances found to exist outweigh any mitigating factors found to exist. Thus, it appears to be defendant's position that although a trial court may, without the assistance of a jury, properly rely on aggravating factors that fall outside the Blakely rulespecifically, those falling within the prior conviction exception and those admitted by the defendantin imposing an upper term sentence, if the defendant even suggests the existence of one or more mitigating factors, a jury must be allowed to decide whether any such factors exist.and how they weigh against any applicable aggravating factors.
Defendant offers no authority to support his position, nor are we aware of any. Once a trial court has identified aggravating circumstances that fall outside the scope of the Blakely rule, it is constitutionally permissible for the court to impose the upper term sentence, and any decision about whether to impose the middle term or the lower term instead is simply a matter of trial court discretion that is not constrained by the Blakely rule. Thus, a defendant has no federal constitutional right to have a jury decide the existence of any mitigating factors or to weigh the aggravating factors against any mitigating factors that may exist.
That brings us back to question of whether, assuming it was error for the court to rely on the fact that defendant was on probation at the time of the crime as an aggravating factor, that error was harmless. Recently, the United States Supreme Court held that Blakely error is reviewed under a harmless-beyond-a-reasonable-doubt standard. (Washington v. Recuenco (2006) 548 U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466.) Defendant contends that case is distinguishable because it "involved a sentencing factor actually charged in the information." In his view, "[b]ecause the aggravating factors in the present case were not charged, harmless error analysis is inapplicable." We are not persuaded.
There is nothing in Recuenco that suggests the fact that the sentencing factor at issue there was charged in the information was critical to the court's application of a harmless error analysis. Nor are we persuaded by defendant's suggestion that to sentence him based on an aggravating circumstance not charged in the information was the equivalent of sentencing him on an uncharged "aggravated offense," which is "flatly prohibited."
The limited question before us is this: Where the trial court, in imposing the upper term, properly relied on its own finding that defendant had numerous prior convictions of increasing seriousness and on defendant's own admission that his prior performance on probation was unsatisfactory, is the trial court's reliance on the additional fact that defendant was on probation at the time of the offensewhich was not admitted by defendant or proven to a jury beyond a reasonable doubt, and which we assume was error for the purposes of this appealsubject to harmless error analysis or structural error? We believe the former answer is the correct one. Structural error occurs only in those *885 limited instances where a defendant is deprived of basic protections without which a criminal trial cannot reliably serve as a vehicle for determination of guilt or innocence or punishment, and no criminal punishment may be regarded as fundamentally fair. (People v. Carter (2003) 30 Cal.4th 1166, 1221, 135 Cal.Rptr.2d 553, 70 P.3d 981.) That is simply not the case here. Thus, the harmless-beyond-a-reasonable-doubt standard applies, and the question for us is whether we are satisfied beyond a reasonable doubt the trial court would have imposed the upper term on defendant even if it had known it could not rely on defendant's probation status at the time of the offense in the absence of a jury finding or admission by defendant.
We are satisfied. Having properly relied on defendant's numerous and increasingly serious prior convictions and his prior unsatisfactory performance on probation, we are convinced beyond a reasonable doubt that the absence of the additional fact that defendant was on probation at the time of the offense would not have made a material difference in the trial court's calculus, even taking into account the mitigating circumstance of defendant's addiction to a narcotic (presumably methamphetamine) at the time of his offense. Accordingly, any Blakely error that occurred here was harmless.

DISPOSITION
The judgment is affirmed.
SIMS, Acting P.J., and HULL, J., concur.
NOTES
[1] Indeed, at the time of defendant's sentencing, the United States Supreme Court had not yet even granted certiorari in Cunningham. (Cunningham v. California (Apr. 18, 2005, No. A103501), 2005 WL 880983 [nonpub. opn.], cert. granted Feb. 21, 2006, ___ U.S. ___, 126 S.Ct. 1329, 164 L.Ed.2d 47.)
[2] While defendant admitted violating the probation the court granted him on his conviction for manufacturing methamphetamine, there was no admission (or jury finding) that defendant was on probation at the time he committed that offense.