Filed 9/26/18

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re L.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> L.O., <br><br>     Defendant and Appellant. | A151967 <br><br> (San Mateo County <br> Super. Ct. No. 17JW0471) |

    L.O. (Minor) appeals jurisdictional and dispositional orders entered after the juvenile court found he had committed battery and placed him on probation. He challenges various conditions of his probation as vague and overbroad. We shall modify one probation condition that would categorically prohibit Minor from all use of social networking sites, remand the matter to the juvenile court for the limited purpose of addressing Minor's educational needs, and otherwise affirm the orders.

## I. BACKGROUND

    A juvenile wardship petition alleged 17-year-old Minor committed misdemeanor battery against Miguel C. in May 2017. Minor had been found to have committed four previous offenses: felony grand theft and misdemeanor possession of a weapon on school grounds in March 2016, and misdemeanor battery on a non-cohabitant and receiving stolen property in November 2016.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.A.3., II.B., and II.C.

1

At a contested jurisdictional hearing, Miguel testified that he was walking home from school one day, and Minor walked up and stood in front of him, trying to fight. Minor said, "I heard you were talking shit," and Miguel said, "No, I was not." Minor punched Miguel on the side of his face for several seconds. Miguel knew Minor, but they were not friends.

When Miguel got home, he told his father what had happened. Miguel told his father that he was tired of being beat up and that "the same guy that beat me up before beat me up this time." He said he did not want to press charges because he "didn't want to be a snitch." Miguel had a bump on the back of his head and swelling underneath the right eye.[1]

The juvenile court sustained the petition.

The probation officer's report explained that Minor had been adjudged a ward of the court and placed on probation in May 2016, after allegations of grand theft and possessing a knife on school grounds, based on separate incidents, were sustained. In August 2016, Minor and his former girlfriend had a verbal altercation that became violent; he pushed her to the ground, choked her, and kicked and punched her in the stomach. In September 2016, Minor again came to the attention of law enforcement when he and a companion were seen entering a coach's office at school; a phone was taken from a cabinet, and at least three other phones were stolen from other students' backpacks. Minor admitted he had stolen a phone, and a misdemeanor allegation of receiving stolen property was eventually sustained.

In addition to these incidents, Minor had earlier been referred to the probation department several times: in 2010, when he was nine years old, for possession of marijuana; in 2013, for misdemeanor battery; in 2014, for making verbal threats to another student; and in April 2015, for trespassing.

---

[1] The detention report for the present offense noted that Miguel believed Minor was one of a group who had attacked him from behind the previous month, causing him to sustain five facial fractures, and that Miguel said Minor "claim[ed]" a Norteño street gang. No testimony about gang affiliation was presented at the jurisdiction hearing.

Minor was enrolled in high school, and his behavior and attendance had been satisfactory.  He was receiving special education services for speech and language deficits.  He was attending individual counseling at high school.  He denied use of alcohol or drugs, and tests had been negative for drug use.

At the dispositional hearing, the court continued Minor as a ward of the court and committed him to a residential program, Camp Glenwood, followed by supervision and monitoring in the community, and imposed conditions of probation.

## II.  DISCUSSION

### A.  Challenges to Electronic Search and Device Conditions

Minor contends that the conditions of probation regarding monitoring of his electronic devices are unreasonable and overbroad and that his counsel was ineffective in failing to object to them.  "When a juvenile court places a minor on probation, it 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'  (Welf. & Inst. Code, § 730, subd. (b); see also *id*., § 202, subd. (b).) ' " 'In fashioning the conditions of probation, the . . . court should consider the minor's entire social history in addition to the circumstances of the crime.' " [Citation.]  The court has "broad discretion to fashion conditions of probation" [citation], although "every juvenile probation condition must be made to fit the circumstances and the minor." ' [Citation.]" (*In re D.H.* (2016) 4 Cal.App.5th 722, 727.)  In *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), our high court ruled that a probation condition is invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Id*. at p. 486.)

The challenged electronic device conditions are the following:  1.  "Any electronic data storage and/or communication device under the Minor's control and/or [to] which the Minor has shared, partial or limited access, is subject to a full and complete search, by any probation officer, in any manner required to guarantee full disclosure by any probation officer, during the day or night, with or without his consent, with or without a

3

search warrant, and without regard to probable and reasonable cause." 2. "The Minor shall provide encryption keys or passwords to the probation officer for any computer or electronic data storage devices, in his possession, custody or control and to which he has sole, shared, partial, or limited access." 3. "The Minor shall not possess or utilize any program or application, on any electronic data storage device, that automatically or through a remote command deletes data from that device." 4. "The Minor shall not contact his service provider to remove or destroy data from the electronic device(s) if said electronic device(s) is/are seized as evidence." 5. "The Minor shall not be in possession of any paging devices or other portable communication equipment, including but not limited to scanners, without the express permission of the probation officer." 6. "The Minor shall not access or participate in any Social Networking Site, including but not limited to Facebook.com. All internet usage is subject to monitoring by Probation, parents or school officials."

### 1. *Most of Minor's Challenges are Forfeited*

Minor contends these conditions are unreasonable and therefore invalid under *Lent*, *supra*, 15 Cal.3d 481. He also contends that the electronic search conditions (conditions 1 and 2) and the conditions barring him from social networking sites and possessing paging devices (conditions 5 and 6) are constitutionally overbroad. As Minor acknowledges, however, his trial counsel did not object to the probation conditions on these or any other grounds, and he has therefore forfeited the argument that the conditions are invalid. Minor asks us to exercise our discretion to reach the merits even in the absence of an objection; in the alternative, he contends his counsel rendered ineffective assistance by failing to object.

"As a general rule, failure to challenge a probation condition on constitutional or *Lent* grounds waives the claim on appeal." (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033; *People v. Welch* (1993) 5 Cal.4th 228, 237 (*Welch*) [*Lent* grounds]; *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*); *People v. Trujillo* (2015) 60 Cal.4th 850, 856.) This rule is intended to " 'encourage parties to bring errors to the attention of the trial court, so they may be corrected.' " (*Sheena K.*, at p. 881.)

4

An exception exists, however, where a party raises a facial challenge to a condition of probation as constitutionally vague or overbroad that can be resolved without reference to the sentencing record in a particular case. (*Id*. at p. 887.) In reaching this conclusion, our high court emphasized that it "d[id] not conclude that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' " (*Id*. at p. 889.)

With one exception, Minor's challenges to the electronic device conditions depend on a review of the facts of this case. "When a probation condition imposes limitations on a person's constitutional rights, it ' "must closely tailor those limitations to the purpose of the condition" '—that is, the probationer's reformation and rehabilitation—' "to avoid being invalidated as constitutionally overbroad." ' [Citations.] 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer's] constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*In re P.O.* (2016) 246 Cal.App.4th 288, 297.) In contending that the conditions requiring him to submit electronic devices to any probation officer provide passwords and refrain from using pagers and social media are overbroad, Minor argues that there are less restrictive ways to meet the state's goals of preventing future criminality, there is no evidence he used electronic devices, pagers, or social networking sites to commit his offenses, the record does not show what social media sites he uses, there is no indication he uses drugs or alcohol, and the goal of rehabilitation is fully addressed by his commitment to a residential program followed by monitoring in the community. Rather than being facial challenges presenting pure questions of law, these contentions would require us to consider the sentencing record developed in the juvenile court. (See *People v. Kendrick* (2014) 226 Cal.App.4th 769,

5

778 [challenge to probation condition forfeited where defendant argued on appeal that condition *as applied to him* was unconstitutional given the specifics of his crime, his criminal history, and the probation department's policy].)  Under the rule announced in *Sheena K.*, *supra*, 40 Cal.4th at p. 889 and *Welch*, *supra*, 5 Cal.4th at pp. 236-237, and subject to an exception we shall address next, Minor's challenges on both *Lent* and overbreadth grounds are forfeited.

      2.  *Social Media Prohibition*

      Our analysis is different as to the final probation condition Minor challenges, which prohibits him from gaining access to or using any social networking site, including Facebook.com.

      "A fundamental principle of the First Amendment is that all persons have access to places where they can speak and listen, and then, after reflection, speak and listen once more."  (*Packingham v. North Carolina* (2017) 528 U.S. ___, 137 S.Ct. 1730, 1735 (*Packingham*).)  Today an important forum for such communication is found on social media, and "to foreclose access to social media altogether is to prevent the user from engaging in the legitimate exercise of First Amendment rights."  (*Id.* at pp. 1735, 1737.)  In light of social media's role in protected communication, the United States Supreme Court in *Packingham* struck down a state law prohibiting registered sex offenders from gaining access to social media websites.  (*Id.* at pp. 1733, 1738.)

      This precedent undergirds a successful facial challenge to Minor's probation condition.  As written, the final condition prevents Minor from using social media for even the most innocuous or beneficial purposes, such as following current events on Facebook, using a professional networking site to seek a job, or participating in a school-related on-line discussion.  While there doubtless are circumstances in which it is appropriate to restrict a probationer's access to social media, we conclude that in light of *Packingham* an absolute prohibition that admits to no exception is unconstitutionally overbroad on its face, and we therefore review it on appeal even in the absence of an objection below.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 887.)  As in *Packingham*, so here, "the State may not enact this complete bar to the exercise of First Amendment rights on

6

websites integral to the fabric of our modern society and culture." (*Packingham*, *supra*, 173 S.Ct. at 1738.)

In the early days of social media, a prohibition on using social networking sites may have passed constitutional muster (*see*, *e.g.*, *In re Victor L.* (2010) 182 Cal.App.4th 902, 923-926)), but *Packingham* announces that day has passed. We acknowledge that this case involves a juvenile probation condition while *Packingham* involves a constraint on adult behavior, and that juvenile courts enjoy broader discretion in fashioning probation terms than do adult criminal courts. (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) But that discretion is not unlimited. *Sheena K.* requires that a probation condition limiting a juvenile's constitutional rights be closely tailored to the purpose of the condition (*id*. at p. 890), and this term of probation makes no pretense of tailoring.

With a small adjustment, however, the prohibition on Minor using social media can be sufficiently tailored to survive a facial challenge. In this case, another probation condition prohibits Minor from using pagers "without the express permission of the probation officer." We shall modify the final probation condition to include the same limitation. As long as Minor's probation officer has the authority to allow social media use that is consistent with the state's compelling interest in reformation and rehabilitation, that probation condition is not facially overbroad. Also, *all* of Minor's internet usage, including any use of social media, remains "subject to monitoring by Probation, parents or school officials."

### 3. *Ineffective Assistance of Counsel*

Minor argues that his counsel rendered ineffective assistance by failing to object to the electronics conditions on *Lent* and overbreadth grounds. In considering this contention, we apply well-settled principles. "Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings,

7

defendant would have obtained a more favorable result." (*People v. Dennis* (1998) 17 Cal.4th 468, 540 (*Dennis*).) "A court must indulge a strong presumption that counsel's acts were within the wide range of reasonable professional assistance." (*Id.* at p. 541.) Moreover, tactical errors are generally not reversible. (*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1318 (*Jennings*).) When a defendant makes an effective assistance claim on direct appeal, "the appellate court must look to see if the record contains any explanation for the challenged aspects of representation. If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation' [citation], the contention must be rejected." (*People v. Haskett* (1990) 52 Cal.3d 210, 248.) Thus, "[r]eviewing courts reverse convictions on direct appeal on the ground of incompetence of counsel only if the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions." (*People v. Lucas* (1995) 12 Cal.4th 415, 442.)

Minor has not met his burden to show his counsel's performance was ineffective under these standards. Minor had a lengthy record of referrals to the probation department, beginning when he was nine years old, and in the two and a half years before the disposition hearing he not only committed grand theft and had a weapon on school grounds, but he also committed two offenses involving violence, infliction of corporal injury on his former girlfriend and battery on Miguel. Two of the offenses, the theft and the assault, took place in cooperation with other offenders, and Miguel reported that Minor was involved with a Norteño street gang. Prior interventions such as "therapeutic detention, field visits, intensive gang supervision, frequent phone calls, . . . random chemical testing," and electronic monitoring had failed to curb Minor's escalating pattern of criminal behavior. At the disposition hearing, Minor's counsel sought to have him returned home immediately so that he could return to his job. To this end, his counsel argued that Minor was "motivated to try to show everyone that he can comply with the rules of society and be a productive member of society." He argued that a residential camp was not appropriate and that Minor's need to have counseling and to address anger

management problems could be addressed through probation.  Given Minor's history of increasingly serious offenses, the failure of previous efforts at rehabilitation, the probation officer's opinion that Minor was "out of control in the community," and the victim's suggestion that Minor was associated with a gang, counsel might have concluded that his best chance of gaining immediate release for Minor was by presenting him as willing to comply with any conditions of probation suggested by the probation officer or imposed by the court.  On this record, we cannot conclude there could not possibly have been a rational tactical purpose for counsel's failure to challenge the electronic device conditions.  (See *People v. Lucas*, *supra*, 12 Cal.4th at p. 442.)

### B.  Vagueness Challenges

Minor challenges three of the probation conditions as unconstitutionally vague.  Although a juvenile court has "broad discretion to fashion probation conditions, ' "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." [Citation.]  '[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " [Citation.]  We review vagueness claims de novo.' " (*In re D.H.*, *supra*, 4 Cal.App.5th at p. 727.)  The challenges Minor raises are facial constitutional challenges, which may be resolved without reference to the sentencing record; accordingly, we shall consider them even though Minor did not raise them in the juvenile court.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887, 889.)

Minor contends three of his probation conditions are unconstitutionally vague.  First, the court placed Minor in Camp Glenwood and ordered, "the Minor shall obey all rules and regulations of said facilities in which he is placed."  Minor contends this condition is vague and asks us to modify it to require him to "obey 'all rules and regulations *as provided by probation in writing or as explained by the Camp Glenwood*

*staff.*' " (Italics added.) This modification is unnecessary. In discussing the common condition that a probationer obey all laws, our high court has made clear that a probationer may be required to "look beyond the four corners of the probation order to ascertain what conduct is permitted, what is prohibited, and what state of mind must be shown to sustain a violation. The mere fact that defendant is charged with knowledge of all the law that could apply to his situation does not render the condition unconstitutionally vague." (*People v. Hall* (2017) 2 Cal.5th 494, 502 (*Hall*); see *People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 112/-1129 [condition requiring probationer to "[b]e of good conduct and obey all laws" not unconstitutionally vague].)

Second, Minor is required to "attend school regularly without tardiness or unexcused absence or participate in a vocational training program or seek and maintain full-time employment, and *shall behave at all times while in school*." (Italics added.) Minor contends the italicized language does not give him sufficient notice of the behavior necessary to comply with this condition. This claim fails. "[A] probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' " (*Hall, supra,* 2 Cal.5th at p. 501.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitted of "mathematical certainty," the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) We evaluate a probation condition "in its context, and only reasonable specificity is required." (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080.) "A contextual application of otherwise unqualified legal language may supply the clue to a law's meaning, giving facially standardless language a constitutionally sufficient concreteness." (*People ex. Rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116.) In this case, the context for the requirement that Minor "behave" is that he must behave "at school." This condition appears simply to require Minor to follow his school's rules of conduct. So construed, it is not unconstitutionally vague. (See *In re D.H.*, *supra*,

10

4 Cal.App.5th at p. 730 [condition requiring minor to attend school "regularly" not vague when viewed in context of another condition directing him to "[o]bey school rules"].)

Third, Minor contends the condition providing that his internet usage is "subject to monitoring by Probation, parents or school officials" is vague because it does not define "school officials." He notes that the United States Department of Education defines "school official" for purposes of the Family Educational Rights and Privacy Act (FERPA, 20 U.S.C. § 1232g; 34 C.F.R. Part 99) to include "a teacher, school principal, president, chancellor, board member, trustee, registrar, counselor, admissions officer, attorney, accountant, human resource professional, information systems specialist, and support or clerical personnel" (https://studentprivacy.ed.gov/faq/who-%E2%80%9Cschool-official%E2%80%9D-under-ferpa), and argues the condition does not give him sufficient notice of which school officials are charged with monitoring his internet usage. We reject this contention. "Probation terms must be 'given "the meaning[s] that would appear to a reasonable, objective reader" ' [citation], and interpreted in context and with the use of common sense [citation]." (*People v. Rhinehart*, *supra*, 20 Cal.App.5th at p. 1129.) There is no basis to conclude Minor will be unable to determine what behavior was expected of him if a teacher, counselor, administrator, or other school official seeks to monitor his internet usage.

## C. Minor's Educational Needs

Minor's final contention is that the case must be remanded for compliance with California Rules of Court, rule 5. 651 (rule 5.651), which requires the juvenile court to "[c]onsider and determine whether the child's or youth's educational, physical, mental health, and developmental needs, including any need for special education and related services, are being met," and address the minor's educational needs in its findings and orders. (Rule 5.651(b)(2)(A) & (D).) He relies on *In re Angela M.* (2003) 111 Cal.App.4th 1392 (*Angela M.*). There, the minor had undergone a psychological evaluation indicating she needed an assessment for an Individualized Education Program, to determine whether she had special educational needs, but the juvenile court made no findings regarding her educational needs when committing her to the California Youth

11

Authority.  (*Id*. at pp. 1395, 1399.)  In the circumstances, the appellate court ordered a limited remand for the juvenile court "to make proper findings, on a more fully developed record, regarding [the minor's] educational needs."  (*Id*. at p. 1399.)

The same result is appropriate here.  The probation officer's report, which the juvenile court read and considered, noted that Minor was currently receiving special education services for speech and language deficits.  However, although the court asked Minor what grade he was in, it did not inquire into and made no findings about his educational needs.  In the circumstances, we shall follow the course outlined by the *Angela M*. court and remand the matter for the juvenile court to inquire into and make findings regarding Minor's educational needs and, if necessary, how they may be met in the programs to which he is committed.

## III.  DISPOSITION

The last probation condition that Minor challenges is modified to provide:  "The Minor shall not access or participate in any Social Networking Site, including but not limited to Facebook.com., without the express permission of the probation officer.  All internet usage is subject to monitoring by Probation, parents or school officials."  The matter is remanded to the juvenile court with directions to make the required findings and orders as to Minor's educational needs pursuant to Rule 5.651(b)(2).  In all other respects, the jurisdictional and dispositional orders are affirmed.

_____

Tucher, J.

We concur:

_____

Streeter, Acting P.J.

_____

Reardon, J.

| | |
|---|---|
| Trial Court: | San Mateo County Superior Court |
| Trial Judge: | Hon. Clifford V. Cretan |
| Counsel for Appellants: | Sidney S. Hollar, by Court-Appointment under the First District Appellate Assisted Case System |
| Counsel for Respondents: | Xavier Becerra, Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Jeffrey M. Laurice, Senior Assistant Attorney General; Donna M. Provenzano, Supervising Deputy Attorney General; Violet M. Lee, Deputy Attorney General |