Filed 10/27/20  P. v. Dodson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077140 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD284233) |
| ARMON DODSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Michael Pulos and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant Armon Dodson pleaded guilty to one count of unlawful possession of a billy club (Pen. Code, § 22210).[1]  The trial court placed him on formal probation for three years subject to various terms and conditions.

On appeal, Dodson asserts an as-applied constitutional overbreadth challenge to a probation condition requiring him to submit to searches of his computers and electronic devices with or without reasonable cause.  Dodson did not object to the probation condition on these grounds in the trial court.  Therefore, he has forfeited his as-applied constitutional overbreadth challenge.  Further, to the extent Dodson challenges the facial constitutionality of the probation condition, we conclude his facial constitutional challenge is without merit.  Accordingly, we affirm the judgment.

# II

## BACKGROUND[2]

A San Diego police officer pulled Dodson over for driving a vehicle with an expired registration.  While conducting a pat down search, the officer noticed a billy club concealed in Dodson's waistband.  The officer removed the billy club and arrested Dodson.  Dodson pleaded guilty to possessing a billy club in violation of section 22210.  The court placed Dodson on probation subject to numerous conditions.  One such condition required Dodson to "[s]ubmit [his] ... computers[] and recordable media electronic devices" to warrantless searches.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     The facts of the offense are taken from the probation report.

III

DISCUSSION

A

*Legal Principles*

Probation is "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." (*People v. Olguin* (2008) 45 Cal.4th 375, 380, quoting section 1203, subdivision (a), italics omitted.) In general, probation conditions "are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." (*Griffin v. Wisconsin* (1987) 483 U.S. 868, 875.) For example, probation conditions authorizing searches "aid in deterring further offenses ... and in monitoring compliance with the terms of probation." (*People v. Robles* (2000) 23 Cal.4th 789, 795.)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K*).) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights ...." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) When adequately preserved for our consideration, we review constitutional overbreadth challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Challenges to probation conditions ordinarily must be raised in the trial court; if they are not, appellate review of those conditions will be deemed forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 234–235.) The Supreme

Court adopted this forfeiture rule "to reduce the number of errors committed in the first instance" (*People v. Scott* (1994) 9 Cal.4th 331, 353), and "the number of costly appeals brought on that basis." (*Welch*, at p. 235.)

Notwithstanding the forfeiture rule just discussed, a defendant who fails to object to a probation condition at sentencing may still challenge a condition as vague or overbroad on appeal if the probationer's claim "amount[s] to a 'facial challenge.' " (*Sheena K.*, *supra*, 40 Cal.4th at pp. 885–886.) Such a challenge "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Id.* at p. 885; see *id.* at p. 886 [a facial constitutional challenge to a probation condition on vagueness or overbreadth grounds "is capable of correction without reference to the particular sentencing record"].)

B

*Electronics Search Condition*

Dodson contends the electronics search condition, which requires him to "[s]ubmit [his] … computers[] and recordable media electronic devices" to warrantless searches, is unconstitutionally overbroad. In particular, he argues the condition is overbroad because "there is no connection between [his] use of computer or electronic devices to any potential unlawful conduct." Dodson also asserts that "nothing in the record demonstrates electronic storage devices were used in the current offense[,] [n]or is there any evidence of any tendency for [him] to use electronic storage devices for criminal purposes."

"Given his appellate arguments, it is apparent that [Dodson] is not raising a pure facial challenge to the constitutionality of the probation condition that can be determined based on abstract or general legal

4

principles. Instead, he advances fact-driven arguments to claim that, given the evidentiary specifics of the crimes [and] his criminal history, … the probation condition is, *as applied to him*, unconstitutional." (*People v. Kendrick* (2014) 226 Cal.App.4th 769, 778 (*Kendrick*) [finding challenge to probation condition restricting internet use was as-applied, not facial, based on the defendant's fact-based appellate arguments].) However, Dodson did not object to the electronics search condition in the trial court on grounds that it is unconstitutionally overbroad as applied to him. Therefore, he has forfeited his as-applied constitutional challenge to the probation condition. (See, e.g., *People v. Patton* (2019) 41 Cal.App.5th 934, 947 (*Patton*) [finding as-applied challenge to electronics search condition for constitutional overbreadth forfeited by failure to object below]; *People v. Guzman* (2018) 23 Cal.App.5th 53, 63, fn. 3; *In re L.O.* (2018) 27 Cal.App.5th 706, 712.)

Although "forfeiture of a claim not raised in the trial court by a party [does] not preclude[] review of the claim by an appellate court in the exercise of that court's discretion" (*Sheena K.*, *supra*, 40 Cal.4th at p. 887, fn. 7), we decline to exercise our discretion to excuse Dodson's forfeiture. As the Supreme Court has explained, " 'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.' " (*Ibid*.) Dodson does not articulate any important legal question or issue of public policy to persuade us that we should refrain from applying the forfeiture rule. (See *Kendrick*, *supra*, 226 Cal.App.4th at p. 778 [declining to exercise discretion to consider forfeited as-applied claim]; see also *People v. Brown* (1996) 42 Cal.App.4th 461, 471 [finding forfeited claims usually are heard only in cases where "enforcement of a penal statue is involved," "the asserted error fundamentally affects the validity of the judgment[,]" or where "important issues of public policy are at issue"].)

5

Seeking to evade forfeiture, Dodson attempts to frame his challenge to the probation condition as presenting a facial constitutional overbreadth challenge, in addition to an as-applied constitutional overbreadth challenge. He points to a sentence in his opening appellate brief in which he states the probation condition is constitutionally invalid whether considered "*on its face* or based on the facts of this case." (Italics added.) We are not convinced that Dodson asserts a facial constitutional overbreadth challenge based on this single fleeting reference. In a facial overbreadth challenge to an electronics search condition, "[t]he claim is that a condition cannot have *any* valid application, without relying on any facts in the sentencing record." (*Patton*, *supra*, 41 Cal.App.5th at p. 946.) Indeed, the pertinent issue is whether the search condition, *in the abstract*, and not as applied to the particular probationer, is sufficiently tailored to the state's legitimate interest in reformation and rehabilitation of probationers. (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.) That is not the type of claim Dodson has presented here.

In any event, the electronics search condition is not facially unconstitutional because the condition is not invalid in all its applications. (See *Patton*, *supra*, 41 Cal.App.5th at pp. 946–947 [reasoning that because electronics search conditions may be constitutionally imposed under some circumstances, they are not facially invalid].) For the offense of which Dodson was convicted (possession of a billy club), we can easily imagine a scenario in which an electronics search condition passes constitutional muster—for example, where a probationer has used a computer or cell phone to purchase, exchange, or obtain one or more billy clubs. Thus, while we acknowledge an electronics search condition certainly could be constitutionally invalid as applied to some probationers, we believe such a condition may be appropriately tailored to achieve the state's legitimate

6

interests as applied to other probationers.  Because the electronics search condition may be constitutional in certain applications, Dodson has failed to establish that his probation condition is facially unconstitutional.

## IV

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

AARON, J.

DATO, J.

7