Filed 10/26/23  In re T.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re T.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.C.,<br><br>Defendant and Appellant. | F084799<br><br>(Super. Ct. No. 21JL-00068-A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Richard M. Oberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Peña, J. and Meehan, J.

T.C. appeals from the juvenile court's order of wardship following a true finding that T.C. committed misdemeanor sexual battery by restraint (Pen. Code, § 243.4, subd. (a))[1] and misdemeanor false imprisonment (§ 236). T.C. contends: (1) there is insufficient evidence to support a finding that he committed sexual battery by restraint; (2) the probation condition requiring submission of his electronic devices to search and seizure was unreasonable and unconstitutionally overbroad; and (3) if objection to the probation condition was forfeited for failure to object before the juvenile court, defense counsel provided ineffective assistance of counsel.

The People respond that: (1) there is substantial evidence T.C. touched an intimate part of the victim through her clothing to support the finding that he committed sexual battery; (2) T.C. forfeited objection to the probation condition regarding his electronic devices by failing to object at sentencing; and (3) if challenge to the probation condition is not forfeited, the probation condition is reasonable because it serves the court's rehabilitative goals, or, alternatively, if the condition appears facially overbroad, it can be narrowly tailored.

We agree the evidence was insufficient to support a finding of sexual battery by restraint, but there was sufficient evidence T.C. committed misdemeanor sexual battery (§ 243.4, subd. (e)). We will therefore modify the sexual battery finding on that count. We otherwise affirm.

## PROCEDURAL SUMMARY

On August 9, 2021, the Merced County District Attorney filed a juvenile wardship petition alleging that T.C. committed: felony sexual battery by restraint (§ 243.4, subd. (a); count 1); and misdemeanor false imprisonment (§ 236; count 2) against a single victim, A.S.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

On April 22, 2022, the juvenile court commenced a jurisdictional proceeding. After the prosecution rested, T.C.'s counsel moved to dismiss the counts. The court denied the motion.

On May 11, 2022, the juvenile court found true both allegations of the petition but found the allegation for count 1 to be true as a misdemeanor.

On June 17, 2022, T.C. was adjudged a ward of the court and placed under the supervision of the probation department. The order included a condition that T.C. must submit to a search of all electronic devices.

T.C. filed a timely notice of appeal.

## FACTUAL SUMMARY

### I. Prosecution Evidence

A.S. was best friends with T.C.'s sister, G.C. On April 19, 2021, A.S. and G.C. walked from school to G.C.'s family's house. T.C. drove G.C. with A.S. to G.C.'s softball game, and then T.C. and A.S. returned to the family's house. A.S. went to G.C.'s bedroom after they returned. There was no one else in the house besides A.S. and T.C.

T.C. came to G.C.'s room and asked A.S. to kiss him. A.S. told him " 'No.' " A.S. was sitting up against the headboard on G.C.'s bed. T.C. leaned over the bed kissing A.S. on her face and neck. A.S. told T.C. " 'No.' " T.C. said " 'Come on. Just kiss me.' " T.C. left the room.

T.C. came back to G.C.'s room about an hour later wearing a different shirt. A.S. was sitting on G.C.'s bed and T.C. sat on the edge of the bed. T.C. began touching A.S.'s stomach and legs. T.C. grabbed both of A.S.'s legs to pull her closer to him and pulled his shorts down. T.C. put his penis between A.S.'s legs and started thrusting while A.S. was still clothed. T.C.'s penis touched A.S.'s "private area" through her jeans. A.S. said " 'No' " to T.C. A.S. testified that T.C.'s penis touched A.S.'s stomach when he was trying to put his penis between her legs. A.S. was pushing T.C. off her and telling him

" 'No.' " T.C. left the room, calling A.S. a "[s]lut and hoe" as he left.

A.S. used her cell phone to record seven videos of the exchanges with T.C. that afternoon. These videos were admitted as evidence.

Later that day, A.S. told G.C. and T.C.'s mother, M.C., what happened. A.S. told M.C. and G.C. that she had videos of T.C. G.C. and M.C. asked A.S. to delete the videos because they could hurt T.C.'s football career. A.S. did not tell her parents until months later. A.S. reported the incident with T.C. to law enforcement in June 2021.

A.S. had previously complained to G.C. via text message in March 2021 that T.C. was harassing her, asking A.S. to kiss him and give him oral sex. G.C. responded to A.S., " 'Just tell him no.' "

## II. Defense Evidence

Former Dos Palos Police Department Deputy Omar Mondragon was the investigating officer for the allegations against T.C. Mondragon spoke with A.S. and reviewed the videos provided by A.S. He confirmed all the videos were dated April 19, 2021, with timestamps of 1:19 p.m. on four of the videos and 3:10 p.m. on the other three videos.

T.C.'s mother, M.C., testified that she learned about A.S.'s allegations against T.C. on June 3, 2021. She denied that A.S. told her that T.C. "did something inappropriate to her" before then.

T.C. testified that on April 19, 2021, he drove G.C. to her softball game with A.S. After T.C. dropped off G.C., T.C. asked A.S. if she wanted to go back to her house but she wanted to go back to T.C.'s family's house. T.C. asked A.S. if she wanted to give him "a blow job." A.S. said yes and performed oral sex on T.C. in his room.

Later that day, T.C. went to G.C.'s room. He asked A.S. if she wanted to give him another "blow job." T.C. started kissing A.S. He denied that he ever pulled his pants down. T.C. also denied that he "w[as] dry-humping her" or put his penis on her stomach.

He conceded that he did not stop kissing A.S. immediately when she said " 'No.' " T.C. testified that A.S. had given him oral sex prior to April 19.

## DISCUSSION

### I. Sufficiency of the Evidence

T.C. contends the evidence is insufficient to support a finding that he committed sexual battery by restraint.

#### A.     *Additional Background*

After closing arguments, the juvenile court discussed its finding regarding count 1: "And all of the evidence that was moved into evidence, with respect to [c]ount 1, the [c]ourt does find that the allegation is true beyond a reasonable doubt, that the sexual battery by restraint was, in fact, committed on or about June 3rd, by the minor, [T.C.]. [¶] And the court bases its verdict on the following things: [¶] Number one, the video doesn't lie as to what happened. There was clearly unwanted contact, and it was clearly of a sexual nature by [T.C.]'s own testimony. He testified that he went in that room to seek a blow job, and therefore, the [c]ourt finds that that battery was committed for the purposes of sexual gratification, arousal, or abuse. [¶] With respect to the degree of the offense, again, the videotape doesn't lie. There was no video of [T.C.]'s penis touching the victim's skin in the case. I can't say beyond a reasonable doubt that that took place. It may well have, but based on the evidence before the [c]ourt, I can't say that it happened beyond a reasonable doubt. So, therefore, the [c]ourt finds as to the level of offense in [c]ount 1 is a misdemeanor."

The court's minute order for its findings cites section 243.4, subdivision (a). The probation officer's report also cites this statutory subdivision.

#### B.     *Standard of Review*

In reviewing a challenge to the sufficiency of the evidence, we apply the same standard to juvenile proceedings applicable to adult criminal convictions. (*In re V.V.*

(2011) 51 Cal.4th 1020, 1026.)  "In either type of case, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value—from which a reasonable trier of fact could find the [minor] guilty beyond a reasonable doubt." (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 605, fn. omitted.)  "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.  [Citation.]  We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 403.)  "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the [court's finding]." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

### C.  *Applicable Law and Analysis*

"Section 243.4 proscribes various forms of sexual battery, i.e., unlawful touching of 'intimate parts.' " (*People v. Dayan* (1995) 34 Cal.App.4th 707, 715.)  Subdivision (a) of the statute provides:  "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." (§ 243.4, subd. (a).)  Sexual battery under subdivision (a) can be either a misdemeanor or a felony. (*People v. Elam* (2001) 91 Cal.App.4th 298, 309 (*Elam*).)  As used in subdivision (a), " 'touches' means physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense." (§ 243.4, subd. (f).) " 'Intimate part' means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female." (§ 243.4, subd. (g)(1).)  Subdivision (e)(1) defines misdemeanor sexual battery as where a person "touches an intimate part of another person, if the

6.

touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse." (§ 243.4, subd. (e)(1).) Subdivision (e)(1) acts as a " 'catchall' provision" to criminalize unlawful sexual touching against the will of the victim. (*People v. Smith* (2010) 191 Cal.App.4th 199, 207.)

T.C. contends there is insufficient evidence he touched the bare skin of A.S.'s intimate part to support a true finding under section 243.4, subdivision (a). Specifically, T.C. argues A.S. testified his penis touched her stomach, but there was no evidence T.C. touched A.S.'s intimate parts underneath her clothes or her breasts. To be guilty under subdivision (a), "actual direct contact with the skin of the intimate part of another person is essential." (*In re Keith T.* (1984) 156 Cal.App.3d 983, 986.) T.C. must have touched the *skin* of A.S.'s sexual organ, anus, groin, buttocks or breast to be guilty of this offense. (*Elam*, *supra*, 91 Cal.App.4th at p. 310.)

We agree T.C.'s conduct does not meet the elements of sexual battery by restraint as proscribed in section 243.4, subdivision (a). A.S. testified that T.C. kissed her on the face and neck. She also testified that T.C. touched her stomach and legs. The face, neck, stomach and legs are not an "intimate part" of a person under the statute. (§ 243.4, subd. (g)(1).) A.S. was wearing jeans when T.C. was thrusting his penis between her legs. T.C. did not touch the skin of A.S.'s intimate parts while doing so because the thrusting was against her clothing. A.S. said that T.C.'s penis touched her stomach when he was lifting her shirt. Although T.C. purportedly touched his own intimate part to A.S.'s skin, specifically, on her stomach, the evidence does not reflect that T.C. ever touched the skin of A.S.'s intimate parts.

The People appear to concede that T.C. did not violate section 243.4, subdivision (a) because the contact was through clothing. The People argue however that there is sufficient evidence to support a finding of misdemeanor sexual battery under

section 243.4, subdivision (e), "[a]lthough the court did not expressly cite" to this subdivision.

The petition alleged that T.C. committed felony sexual battery by restraint under section 243.4, subdivision (a). The juvenile court found true the allegation that T.C. committed "sexual battery by restraint." The court further found "the level of offense in [c]ount 1 is a misdemeanor." The court did not specify the statute upon which this finding was based, but the minute order cites to section 243.4, subdivision (a).

We cannot on this record conclude that the juvenile court intended to find T.C. committed misdemeanor sexual battery under section 243.4, subdivision (e) rather than subdivision (a). Subdivision (a) is a wobbler offense. (*Elam*, *supra*, 91 Cal.App.4th at p. 309.) The court's statement that the offense is a misdemeanor may have simply been clarifying the level of the offense under subdivision (a) since it was a wobbler. (Welf. & Inst. Code, § 702 [when an offense is a wobbler, "the court shall declare the offense to be a misdemeanor or felony"].) This is particularly likely considering the court's finding that T.C. committed "sexual battery by restraint," the offense proscribed by subdivision (a). As discussed above, the evidence does not support a finding of sexual battery under subdivision (a) because T.C. did not touch the skin of A.S.'s intimate parts. "However, where the evidence is insufficient to sustain the offense charged but shows that the [minor] is guilty of a lesser included offense, or an attempt to commit the offense, or a lesser degree of the offense, the court may reduce the crime rather than reverse outright." (*People v. Yonko* (1987) 196 Cal.App.3d 1005, 1010.) We agree with the People that the evidence supports a finding that T.C. committed misdemeanor sexual battery under section 243.4, subdivision (e).

Misdemeanor sexual battery under section 243.4, subdivision (e) requires: (1) a touching, (2) of another person's intimate part, (3) against the person's will, and (4) for the purpose of sexual arousal, sexual gratification, or sexual abuse. (§ 243.4, subd. (e)(1).) As used in subdivision (e), " 'touches' means physical contact with another

8.

person, whether accomplished directly, through the clothing of the person committing the offense, or *through the clothing of the victim*." (§ 243.4, subd. (e)(2), italics added.) Unlike in section 243.4, subdivision (a), "contact with the victim's skin is not required but may occur through clothing" for misdemeanor sexual battery. (*People v. Ortega* (2015) 240 Cal.App.4th 956, 966; *People v. Dayan*, *supra*, 34 Cal.App.4th at p. 716 [misdemeanor sexual battery "does not expressly require actual contact with the skin, and it applies to touching through the clothes of the victim"].) Misdemeanor sexual battery is a lesser included offense of sexual battery under subdivision (a) because "[m]isdemeanor sexual battery contains the same elements [as subdivision (a)] except that unlawful restraint is not required." (*Ortega*, at p. 966.)[2]

A.S. testified that T.C. thrust his penis between her legs. A.S. told Mondragon that T.C.'s penis "was touching [her] private area" while she was wearing jeans. A.S. repeatedly said " 'No' " to T.C. As the juvenile court stated, this "was clearly unwanted contact, and it was clearly of a sexual nature by the [minor]'s own testimony." T.C.'s unwanted touching of A.S.'s intimate parts through her clothing for purposes of sexual arousal or gratification suffices to make a finding that he committed misdemeanor sexual battery. We therefore modify the disposition to reflect a finding that T.C. committed misdemeanor sexual battery under section 243.4, subdivision (e) on count 1.

## II. Challenge to Electronic Devices Search Condition

T.C. contends the probation condition requiring submission of his electronic devices to search and seizure was unreasonable and unconstitutionally overbroad. The People respond that T.C. forfeited objection to the condition regarding his electronic devices by failing to object before the juvenile court. We agree with the People that

---

[2]     T.C. acknowledges that misdemeanor sexual battery under section 243.4, subdivision (e) is a lesser included offense of subdivision (a) and that a "touching under subdivision (e)(1) can be entirely through the clothes."

9.

T.C.'s challenge on both grounds is forfeited. We also reject T.C.'s argument that the condition is facially overbroad.

### A. Probation Conditions

At the disposition hearing, the juvenile court followed the probation officer's recommendation and ordered T.C. a ward of the court. The order imposed several conditions on T.C. as recommended by probation including the following in pertinent part: "Submit to search of all electronic devices, including cell phones and computers at any time of the day or night by any Probation Officer or Peace Officer with or without a warrant, probable cause or reasonable suspicion over which the minor has control over or access to for electronic communication. Minor must provide access/passwords to any electronic devices, computers, cell phones, accounts and applications to any Probation Officer or Peace Officer. Minor waives the specific consent and warrant requirements set forth in [sections] 1546 and 1546.1 .…" There was no discussion by the court of the order's conditions. Minor did not object to any of the conditions.

### B. Forfeiture

" 'The purposes of juvenile wardship proceedings are twofold: to treat and rehabilitate the delinquent minor, and to protect the public from criminal conduct.' [Citation.] To those ends, a juvenile court may order a ward under its jurisdiction to probation. [Citation.] … [T]he court 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*); Welf. & Inst. Code, § 730, subd. (b).) "The juvenile court has wide discretion to select appropriate conditions .…" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) A probation condition is invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably

10.

related to future criminality[.]' " (*People v. Lent* (1975) 15 Cal.3d 481, 486.) "[T]he *Lent* test governs in juvenile and adult probation cases alike." (*Ricardo P.*, at p. 1119.)

Failure to challenge the reasonableness of a probation condition on *Lent* grounds forfeits the issue on appeal. (*Sheena K.*, *supra*, 40 Cal.4th at p. 889; *People v. Welch* (1993) 5 Cal.4th 228, 237.) Because T.C. failed to object before the juvenile court to the electronic devices search condition as unreasonable, the issue was not preserved for appeal, and we decline to address it. (*In re L.O.* (2018) 27 Cal.App.5th 706, 711–712.)

We next turn to T.C.'s claim that the search condition is unconstitutionally overbroad. Constitutional challenges to a probation condition may also be forfeited for failure to object before the juvenile court. (*Sheena K.*, *supra*, 40 Cal.4th at p. 887; *People v. Patton* (2019) 41 Cal.App.5th 934, 946 (*Patton*) ["An as-applied constitutional challenge is forfeited unless previously raised."].) The forfeiture rule however does not apply "where a party raises a facial challenge to a condition of probation as constitutionally vague or overbroad that can be resolved without reference to the sentencing record in a particular case." (*In re L.O.*, *supra*, 27 Cal.App.5th at p. 711; *Sheena K.*, at p. 887.) Our Supreme Court has held that this exception "does not apply in every case in which a probation condition is challenged on a constitutional ground. … '[T]here may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' " (*Sheena K.*, at p. 889.)

T.C.'s failure to object to the condition as unconstitutionally overbroad before the juvenile court forfeited the issue on appeal. Although T.C. argues the condition was "facially overbroad," this is not a true facial challenge to the search condition. Rather than presenting a pure question of law, T.C.'s overbreadth challenge may not be

11.

addressed without reference to the record before the juvenile court. (*Sheena K.*, *supra*, 40 Cal.4th at p. 887.)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [minor]'s constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) Whether a probation condition is unconstitutionally overbroad is subject to de novo review. (*Patton*, *supra*, 41 Cal.App.5th at p. 946.)

The purpose of the search condition may only be ascertained by reference to the record. We therefore may not address whether the search condition is tailored to its purpose without examination of the record. Moreover, T.C. relies on the record to challenge the condition as overbroad because he argues there "was never any suggestion that T.C. used an electronic device to commit any offense in this case or engage in any illegal activity." This is "a classic as-applied claim." (*Patton*, *supra*, 41 Cal.App.5th at p. 947.) T.C.'s contentions are premised on evidence, or rather, a lack of evidence, in the record, not on the condition's language as facially overbroad.

T.C. suggests the search condition is facially overbroad "[a]s in *Sheena K.*" In *Sheena K.*, the minor was ordered as a condition of probation that she " 'not associate with anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 878.) The condition's constitutional infirmity was obvious without reference to the record and was easily remedied by adding a requirement that the minor have knowledge of who was disapproved of by probation. (*Id*. at p. 892.) Here, unlike in *Sheena K.*, whether the search condition is overbroad and, if so, whether it could be tailored to its purpose

12.

necessitates reference to the record before the juvenile court.  Because this is not a facial challenge to the condition, T.C. forfeited his constitutional challenge by failing to object.

For all these reasons, minor's challenge to the electronic devices search condition is forfeited.

### C.      Facial Overbreadth Challenge

Because T.C. forfeited an as-applied challenge to the condition by failing to object at the disposition hearing, we consider his contentions as facial challenges.  "A facial challenge 'does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts.'  [Citation.]  The claim is that a condition cannot have *any* valid application, without relying on any facts in the sentencing record."  (*Patton*, *supra*, 41 Cal.App.5th at p. 946.)

In *Ricardo P.*, our Supreme Court found that a probation condition requiring the minor to submit to warrantless search of his electronic devices including passwords was not reasonably related to the minor's future criminality and was thus unreasonable under *Lent*.  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1116.)  The court emphasized that its "holding does not categorically invalidate electronics search conditions.  In certain cases, the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality."  (*Id*. at pp. 1128–1129.)

*Ricardo P.* does not categorically render the search condition here facially overbroad.  The court in *Ricardo P.* determined the condition was unreasonable pursuant to *Lent*—the court did not grant review or address the constitutional questions.  The court acknowledged that "[t]he warrantless search of a juvenile's electronic devices by a probation officer, a government official, plainly raises privacy concerns .…"  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.)  However, the court further concluded that "[t]he fact that an electronics search condition may burden a juvenile probationer's constitutional rights

13.

does not necessarily render it invalid." (*Id*. at p. 1126.)  An electronics search condition may be constitutionally imposed under appropriate circumstances.  (*Patton*, *supra*, 41 Cal.App.5th at pp. 946–947; *In re Malik J.* (2015) 240 Cal.App.4th 896, 902 (*Malik J.*).) "Such a condition allows warrantless searches of a probationer's property so long as they are not arbitrary, capricious or harassing.  [Citation.]  While a search condition diminishes a juvenile probationer's reasonable expectation of privacy, it does not entirely preclude it." (*Malik J.*, at p. 902.)

Similar probation conditions allowing warrantless search of electronic devices have been found permissible and survived facial overbreadth challenges.  (*Malik J.*, *supra*, 240 Cal.App.4th at pp. 902–904; *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1175–1176.)  The condition here is not facially overbroad and we reject T.C.'s contention to the contrary.[3]

D.      *Ineffective Assistance of Counsel*

T.C. briefly argues that if the issue was forfeited for failure to object to the condition before the juvenile court, defense counsel provided ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, T.C. must prove: (1) trial counsel's performance was deficient and (2) counsel's deficient performance prejudiced him.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)  To show prejudice, "[the minor] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id*. at p. 694.)

---

[3]      T.C. does not specifically argue the condition is unconstitutionally vague, but a vagueness challenge would also fail.  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  The language of the condition here sufficiently apprises T.C. of what is required of him.

"It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance .…" (*Strickland v. Washington*, *supra*, 466 U.S. at p. 689.)

T.C. argues defense counsel had no reasonable tactical reason for failing to object to the electronic devices search condition. In viewing T.C.'s claim through an ineffective assistance of counsel lens, the question is not whether the condition is overly broad but rather whether no satisfactory explanation can be given for counsel's failure to object. (*People v. Hart* (1999) 20 Cal.4th 546, 624.)

The record is silent as to why the condition was imposed and why defense counsel did not object to it. As discussed above, the condition was not facially overbroad and similar electronic devices search conditions have been found permissible in appropriate circumstances. (*Patton*, *supra*, 41 Cal.App.5th at pp. 946–947; *Malik J.*, *supra*, 240 Cal.App.4th at p. 902; *People v. Ebertowski*, *supra*, 228 Cal.App.4th at pp. 1175–1176.) T.C.'s counsel may have reasoned that a facial overbreadth objection would have been fruitless. Counsel may have believed T.C. was adequately protected from the condition's terms by the Fourth Amendment, which prohibits warrantless searches that are arbitrary, capricious or harassing. (*Malik J.*, at p. 902; *People v. Reyes* (1998) 19 Cal.4th 743, 752.) Counsel may have also concluded the condition was a reasonable method to

monitor T.C.'s future conduct due to T.C.'s pending relocation to another state to attend college. (See *People v. Olguin* (2008) 45 Cal.4th 375, 380–381 [a probation condition that enables a probation officer to supervise his or her charges effectively is reasonably related to future criminality].) The record does not rule out a tactical reason for counsel's failure to object and the possibility that the electronic devices search condition is appropriately tailored to T.C.'s circumstances preclude a finding that no reasonable attorney would have failed to do so. (See *People v. Hart*, *supra*, 20 Cal.4th at pp. 623–624 [" 'To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation .…" ' "]; see also *People v. Lopez* (2008) 42 Cal.4th 960, 972 [" '[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance.' "].)

On this record, we cannot conclude that counsel's performance was deficient for failing to object to the electronic devices search condition. We thus reject minor's ineffective assistance of counsel claim.

## DISPOSITION

The juvenile court's finding on count 1 is modified to reflect that T.C. committed misdemeanor sexual battery in violation of section 243.4, subdivision (e). In all other respects, the disposition is affirmed.