NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

THOMAS BURRESS, *Appellant*.

No. 1 CA-CR 25-0160

FILED 05-07-2026

Appeal from the Superior Court in Navajo County
No. S0900CR202101484
The Honorable Michael S. Penrod, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Myles A. Braccio
*Counsel for Appellee*

Coolidge Law Firm, PLLC, Chandler
By Jennifer Booth
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

1

**P A T O N**, Judge:

¶1        Thomas Burress appeals his probation revocation and the resulting sentence.  Burress's counsel advised us that after thoroughly reviewing the record, she found no arguable, non-frivolous questions of law and asks us to conduct an *Anders* review of the record.  *See Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969).  Burress filed a supplemental brief raising issues we address in this decision.  We have reviewed the record and Burress's arguments and find no reversible error.  We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Burress.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        In February 2022, Burress, a former juvenile detention officer, pled guilty to three counts of unlawful sexual conduct with a person in a correctional facility, a class three felony.  The superior court sentenced him to 263 days' incarceration with credit for time served, fifteen years of supervised probation to begin on June 9, 2022, 60 hours of community service, and lifetime sex offender registration.  One of his probation conditions directed him to "[n]ot initiate, establish, reside, or maintain contact with any male or female child under the age of 18 nor attempt to do so except under circumstances approved in advance and in writing by the court" except he "can have contact with minor son, upon approval from counselor."  Burress apparently received permission to have contact with his son from his sex offender counselor on May 24, 2023.

¶4        In February 2024, Burress moved to modify his probation terms to allow him to have contact with his newborn child and reside in the same house as the child and the child's mother (also his wife).  Two months later, the court granted the motion and modified the probation condition language from "son" to allow contact with his minor "children" and the ability to live with his newborn child and wife upon approval from his counselor.

¶5        In October 2024, Burress was separately arraigned in Navajo County Superior Court on two new criminal charges unrelated to his probation case.

¶6        On January 26, 2025, a Coconino County probation officer who knew Burress from their prior employment together, saw Burress

holding his daughter at church. The officer reported what she saw to Burress's supervising probation officer. On January 30, 2025, while driving by Burress's wife's residence, the supervising officer noticed Burress's pickup truck in front of her home and saw the garage door was closed. The officer drove around the neighborhood looking for Burress but did not see him, and upon returning to the home about thirty minutes later, saw the garage door was open and Burress unloading wood from his truck. He initiated contact with Burress in the front yard. During the conversation, Burress said his wife was inside and that he believed his daughter was inside sleeping. Burress admitted to passing his daughter off at church during the previously discussed incident and that it was a mistake because he knew he could not have contact with her. Upon entering the residence, the officer confirmed Burress's wife was inside and Burress's daughter was asleep inside.

¶7        The probation department petitioned to revoke Burress's probation, alleging Burress violated his probation by failing to attend sex offender treatment in March 2024 and having "unapproved contact" with his minor daughter on January 26 and January 30, 2025. After a revocation hearing at which both probation officers testified, the court found the State met its burden of proving by a preponderance of the evidence that Burress violated his probation by having unauthorized contact with his minor daughter on both dates.

¶8        At sentencing, the court imposed three concurrent aggravated sentences of seven years for his probation violation. It originally credited him with 406 days for time served but later corrected this number and gave him 385 days for time served.

¶9        Burress timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1), 13-4033(A)(1).

## DISCUSSION

¶10        Burress raises several issues in his supplemental brief. He first contends that a statement made by the judge at his arraignment hearing for his other criminal charges modified his probation terms in this proceeding such that he did not need prior counselor approval to have contact with his minor daughter. He argues the court failed to provide him with necessary accommodations to ensure he could understand the terms of his probation. He contends the prosecutor committed ethical violations by failing to challenge the court's oral pronouncement in the other criminal

proceeding that Burress contends modified his probation terms in this case, and then later arguing it had no bearing on the probation terms in this case. Finally, he argues the superior court improperly delegated a judicial duty to a non-judicial officer when it included the probation condition that his sex offender counselor should decide whether it was safe for Burress to have contact with his children.

¶11        During his arraignment hearing in the other criminal case, the judge stated Burress could have "[n]o contact with minors under 18 except [his] own children" as a condition of his release in that case. Burress now contends, as he did at his probation revocation hearing in this matter, that that oral pronouncement modified his original probation terms in this case by removing the requirement that he get prior approval to contact his children from his counselor. He therefore contends that he did not violate his probation by having contact with his minor daughter on the two January dates.

¶12        Not so. Burress made the same argument during his probation revocation hearing in this proceeding, which the superior court rejected, noting that the court's statement in the other matter had no bearing on his probation terms in this matter. We agree. A subsequent order in a separate criminal proceeding regarding contact with minor children had no bearing on Buress's original probation terms in this case. *See* Ariz. R. Crim. P. 7.3(d) ("The court may impose as a condition of release one or more of the following conditions . . . .").

¶13        Arizona Rule of Criminal Procedure ("Rule") 27.1(b) states that only "[t]he sentencing court may impose conditions on a probationer." And Rule 27.3(b) says the court—referring to the sentencing court already referenced in Rule 27.1—"may modify . . . any condition . . . of probation." The court overseeing the arraignment hearing was different from the sentencing court that imposed Burress's probation in this case. Therefore, even if that court attempted to modify his probation here, as Burress contends, it had no authority to do so.

¶14        Burress's alleged confusion is also belied by the record, which indicates he fully understood that he could not have unauthorized contact with his daughter even after the other proceeding. Burress repeatedly asked his supervising officer and counselors to approve contact with his minor daughter and continued to do so after the allegedly conflicting statement in the other proceeding.

4

¶15     To the extent Burress's alleged confusion stemmed from the court's failure to provide disability accommodations as he now contends, nothing in the record shows Burress sought additional accommodations or clarification from the superior court. He specifically argues the court failed to provide "[c]lear, reconciled explanations of [his] probation terms; [w]ritten clarification resolving conflicting orders; [and] [c]oordination between cases to prevent confusion." But to the extent Burress or his counsel (who represented him in the instant case as well as at the arraignment hearing in the other case) were confused, Burress could have sought clarification or accommodations from the court prior to having unauthorized contact with his minor daughter. And, as also previously discussed, his failure to understand claim is undercut by his repeated efforts to seek approval to contact his daughter even after the court's statement in the other case. Had he been truly confused he would have ceased making those requests.

¶16     Burress next argues the prosecutor violated Arizona Rule of Professional Conduct 3.8, which requires the prosecutor to "make timely disclosure to the defense of all . . . information known to the prosecutor that tends to negate the guilt of the accused," by failing to challenge the release condition during the unrelated arraignment hearing, and then later arguing that it had no impact on Burress's original probation terms. *See* Ariz. R. Sup. Ct. 42, ER 3.8(d).

¶17     For the reasons discussed above, the oral pronouncement in Burress's other criminal case had no bearing on Burress's probation terms or whether he violated those terms as part of this proceeding. As previously mentioned, after the arraignment hearing, Burress had multiple conversations with his probation officer about wanting to see his daughter and was well informed that he did not yet have the necessary approval. Therefore, this argument that the prosecution attempted to withhold information from the defense is without merit.

¶18     Burress also contends the superior court unlawfully delegated the decision of whether he could contact his minor children to his sex offender counselor. This argument, however, misapplies the rule against delegation of judicial authority in Arizona. "[T]he [superior court] must be given substantial latitude in [probation] in light of the uncertainty as to how rehabilitation is actually accomplished." *State v. Donovan*, 116 Ariz. 209, 212 (App. 1977); *see also State v. Nickerson*, 164 Ariz. 121, 122-23 (App. 1990) (upholding a probation condition requiring the defendant to get prior written consent from his probation officer to have personal contact with his wife).

¶19　　　　The sentencing court was permitted to impose probation conditions that promote rehabilitation. *See* Ariz. R. Crim. P. 27.1(b) (permitting the sentencing court to impose conditions on a probationer that promote rehabilitation and protect any victim); *see also United States v. Fellows*, 157 F.3d 1197, 1204 (9th Cir. 1998) (upholding the defendant's probation condition that allowed his therapist to impose lifestyle restrictions or treatment requirements on the defendant). It follows then that the sentencing court here did not improperly delegate the question of whether Burress could have contact with his minor daughter to his sex offender counselor.

¶20　　　　Having reviewed and considered the briefs and searched the entire record for reversible error, we find none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (instructing the court to review the record for reversible error).

¶21　　　　The record contains sufficient evidence from which the superior court could determine, by a preponderance of the evidence, that Burress violated the terms of his probation by having unauthorized contact with his minor daughter. Ariz. R. Crim. P. 27.8(b)(3) ("A [probation] violation must be established by a preponderance of the evidence."). This evidence included testimony describing Burress holding his daughter at church and an audio recording in which Burress indicated to his supervising probation officer that the reported incident at church was a "mistake" and "it was stupid of [him]." It also included testimony that Burress's probation officer saw Burress at his wife's residence, watched him exit the garage that had previously been closed, and say his daughter was sleeping inside the house—a detail later confirmed by Burress's wife.

¶22　　　　The court, in its ruling, noted the key piece of evidence in finding Burress had contact with his daughter while at his wife's residence, was that Burress knew specific details about the daughter sleeping inside. In sum, the court found the fact that because Burress was at his wife's residence and had details about the daughter, Burress again had unauthorized contact with his daughter. It was therefore established by a preponderance of evidence that he engaged in unauthorized contact that day as well.

¶23　　　　Further, the record demonstrates that (1) all proceedings complied with the Arizona Rules of Criminal Procedure, (2) Burress was represented by counsel at all stages of the proceeding, and (3) Burress was present at all critical stages. *State v. Conner*, 163 Ariz. 97, 104 (1990) (right

to counsel); *State v. Bohm*, 116 Ariz. 500, 503 (1997) (right to be present at all critical stages).

**¶24** Finally, the court's imposition of an aggravated sentence did not violate Arizona sentencing guidelines or present any *Blakely* issues. *Blakely v. Washington*, 542 U.S. 296 (2004). The concurrent aggravated seven-year sentences complied with Sections 13-701(C) and 13-702(D) for a class 3 felony because the court correctly found multiple aggravating factors. *See* A.R.S. § 13-701(C) ("The . . . maximum term . . . may be imposed only if one or more circumstances alleged to be in aggravation are found to be true . . . ."); A.R.S. § 13-702(D) (the maximum sentence for a class 3 felony is seven years). Also, as part of his plea, Burress consented to "judicial fact-finding by preponderance of the evidence as to any aspect or enhancement of sentence." The superior court stated all aggravating and mitigating factors on the record and each factor was sufficiently supported by the record. *Blakely*, 542 U.S. at 310 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant . . . consents to judicial factfinding.").

## CONCLUSION

**¶25** We have reviewed the entire record and Burress's supplemental brief for arguable issues of law and find none. We thus affirm Burress's probation revocation and sentence. *See Leon*, 104 Ariz. at 300-01.

**¶26** Upon filing of this decision, defense counsel must only inform Burress of the outcome of this appeal and his future options. Defense counsel has no further obligations, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 583, 584-85 (1984). Burress will have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:                JR